PERKINS, Secretary of Department of Labor, et al. v. UNITED STATES ex rel. MALESEVIC.

No. 6413.

Circuit Court of Appeals, Third Circuit.

Oct. 3, 1938.

BUFFINGTON, Circuit Judge, dissenting.

256

Charles F. Uhl, U. S. Atty., and Premo J. Columbus, Asst. U. S. Atty., both of Pittsburgh, Pa., for appellants.

Zeno Fritz, of Pittsburgh, Pa., for appellee.

Adrian Bonnelly, of Philadelphia, Pa., amicus curiæ.

Before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

Savo Malesevic, an alien, the appellee upon the relation of the United States, is a subject of what is now the Kingdom of Yugo-Slavia, and legally entered the United States for the first time at the port of Boston in September, 1913. He has remained in this country until the present time, with the exception of an absence upon one trip made by him to Yugo-Slavia. Upon this occasion he left the United States upon June 3, 1931, and returned upon August 12, 1931. After his return he was arrested upon a warrant issued under the provisions of Section 19 of the Immigration Act of February 5, 1917, c. 29, 39 Stat. 889, 8 U.S.C.A. § 155, charging that he had been convicted prior to his re-entry to the United States of a crime involving moral turpitude. After hearing, he was ordered deported. The appellee thereupon filed a petition for writ of habeas corpus to the District Court of the United States for the Western District of Pennsylvania, and, after hearing by the District Court, was discharged from custody upon the warrant of deportation. 17 F.Supp. 851.

It appears from the record of the case at bar that upon May 12, 1919, the appellee was convicted in the Court of Quarter Sessions of Allegheny County, Pennsylvania, of breaking and entering a building, and larceny, a felony involving moral turpitude. He was sentenced by the Court of Quarter Sessions to a term of from two to four years. He served his alloted sentence until May 16, 1921, and was released thereafter upon parole, the parole period ending in June, 1923. He therefore served the sentence imposed upon him by the Court of Quarter Sessions.

Section 19 of the Immigration Act of February 5, 1917, provides in part: "* * * except as hereinafter provided, any alien who, after February 5, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States; * * * any alien who was convicted, or who admits the commission, prior to entry, of a felony or other crime or misdemeanor involving moral turpitude; * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported. * * * The provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned * * *".

Section 181 of the Act of March 31, 1860, Public Laws of Pennsylvania 382 (Section 893 of Title 19 of Purdon's Statutes) provides in part: "Where any person hath been or shall be convicted of any felony, not punishable with death, or any misdemeanor punishable with imprisonment at labor, and hath endured or shall endure the punishment to which such offender hath been or shall be adjudged for the same, the punishment so endured shall have the like effects and consequences as a pardon by the governor, as to the felony or misdemeanor whereof such person was so convicted * * *".

The appellants contend that because Malesevic was sentenced to the term described for a crime involving moral turpitude prior to his re-entry into the United States upon August 12, 1931, the pardon provision contained in Section 19 of the Immigration Act is inapplicable and he may be deported. Their reasoning is as follows: In the case of United States v. Smith, 289 U.S. 422, 53 S.Ct. 665, 77 L.Ed. 1298, the Supreme Court held that [page 667] "* * * the second coming of an alien from a foreign country into the United States is an entry within the usual acceptation of that word * * *". Lewis v. Frick, 233 U.S. 291, 34 S.Ct. 488, 58 L.Ed. 967; U. S. ex rel. Claussen v. Day, 279 U.S. 398, 49 S.Ct. 354, 73 L.Ed. 758. The appellants next contend, relying on the decision of the Circuit Court of Appeals of the Second Circuit in U. S. ex rel. Palermo v. Smith, 17 F.2d 534, that the phrase "except as hereinafter provided" [page 535]

occurring in the statute as quoted refers to the pardon provision of the Act. Since that phrase occurs only in that clause relating to deportation for crimes involving moral turpitude before entry, set off from the other clauses by semicolons, it follows, contend the appellants, that the provision of the statute relating to pardons cannot apply to crimes involving moral turpitude committed prior to entry. The conclusion reached by the appellants therefore is that though Malesevic's crime was committed after entry, since it was committed prior to his re-entry into the United States, the statutory pardon of Pennsylvania affords him no assistance and he may be deported.

The facts of U. S. ex rel. Palermo v. Smith, cited above, are as follows: Palermo, a native of Italy, came to the United States in December, 1919. In 1924 he was arrested on a warrant of the Department of Labor charging that he had been convicted of the crime of murder in Italy prior to his entry into the United States. At the hearing, it appeared that he had been arrested, convicted and sentenced to death in December, 1883, and that in July, 1884, the death sentence was commuted to life imprisonment. He served this sentence in prison until 1919, at which time he was pardoned and released. He was ordered deported. He sued out a writ of habeas corpus and the District Judge reversed the order of deportation. Upon appeal the Circuit Court of Appeals for the Second Circuit reversed the order of the court below.

It will be observed that the cited case possesses substantial difference in facts from the case at bar. In the cited case the crime was committed prior to any entry and the pardon was granted by the Kingdom of Italy for a crime committed there, while in the case at bar the pardon was granted to the appellee by virtue of the provisions of the Pennsylvania statute for a crime committed in Pennsylvania. In U. S. ex rel. Palermo v. Smith the court stated that the effect of a pardon in Italy in restoring credit and capacity to one there found guilty probably was not known to Congress and that such might be the reason that Congress did not provide " * * * the same exoneration for an alien convicted prior to entry into the country as is provided in the case of one who was pardoned of a crime committed after his entry into this country." The court put emphasis upon its conclusion that Congress did not intend to except cases of foreign pardon under the terms of the Statute. In Weedin v. Hempel, 28 F.2d 603, 604, the Circuit Court of Appeals of the Ninth Circuit reached a similar conclusion.

As we have stated, Malesevic made re-entry after committing a crime within the United States. His crime therefore was committed in the eyes of the law both after entry and prior to re-entry (re-entry being the equivalent of entry under United States v. Smith, supra). We think that it is apparent that if the appellant's contentions be accepted and if a crime has been committed by an alien within five years after his first or original entry and he has received a sentence of one year or more and has been pardoned, he would none the less be deportable since the pardon provision of Section 19 would be inapplicable. There would thus be an instant and direct conflict in the application of the pardoning section to the clauses of the Act quoted above containing respectively the phrases "prior to entry" and "after the entry". To the first the pardon provision would have to be held to be applicable; to the second it would have to be held to be inapplicable, though it is obvious from a reading of the Section as a whole that Congress intended the pardoning provision to apply equally to both clauses.

We therefore must conclude that it was the intention of Congress by using the phrases "after the entry" and "prior to entry" to attribute equal pertinency to the time of the commission of the crime and the place of its commission, Congress intending to except cases of foreign pardon from the provisions of the statute. U. S. ex rel. Palermo v. Smith, supra.

It follows therefore that unless the crime was committed at a time prior to entry or re-entry and at a place outside of the United States and foreign pardon alone can be invoked to obliterate the burden of the crime upon the criminal, the pardon provisions of Section 19 apply. This construction at least has the advantage of harmonizing the pardon provisions of the section and affords an interpretation covering every possible case without conflict.

We therefore conclude that it was the intention of Congress to recognize the effect of an effective pardon given by one of the States of the United States for a crime committed by an alien within a State prior to his re-entry into the United States. The pardon provision of Section 19 therefore

applies to Malesevic under the circumstances of the case at bar and the first contention of the appellant accordingly falls.

██ One point remains for discussion. The appellant further contends that the Crimes Act of the Commonwealth of Pennsylvania heretofore quoted does not provide for the kind of pardon contemplated by Section 19 of the Immigration Act. Since the decision of the Supreme Court in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the question of the effect of the pardon statute must be determined by the decisions of the Supreme Court of Pennsylvania. Such a decision is that of Diehl v. Rodgers, 169 Pa. 316, 319, 32 A. 424, 425, 47 Am.St.Rep. 908, which indicates that the effect of the pardon conferred by the statute, when the convicted person has served his term is precisely that which would have been afforded to the criminal if the Governor of the State issued free and unconditional pardon. See, also, Report Purdon's Digest (Edition 1894) p. 563, note. The Federal authorities are to like effect. United States v. Hughes, D.C., 175 F. 238, affirmed 154 U.S. 505, 14 S.Ct. 1147, 38 L.Ed. 1079; United States v. Hall, D. C., 53 F. 352.

The Immigration Act does not condition the word "pardoned" as used by it. The relief granted to Malesevic by the pardoning statute is complete. He therefore may not be deported.

The order of the court below discharging Malesevic from custody under the warrant of deportation is affirmed.

BUFFINGTON, Circuit Judge (dissenting).

The underlying and decisive question in this case is, what had Congress in view, what did it intend in enacting the controlling statute, viz., "the provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned." 8 U.S.C.A. § 155. What, in ordinary speech, is meant by the word "pardon"? Dictionaries define pardon "to remit the penalty"; "to release from liability to punishment". A pardon applies to an individual or, as the Act provides, "to one who has been pardoned." Pardon means release to one who is undergoing punishment. Pardon implies that for reasons involved in an individual case, the executive agency—President, Governor, Pardon Board—releases from further punishment.

In the present case the imprisoned man served his full term and during that term was not pardoned or relieved from punishment. Such being the meaning of pardon in common acceptation, we turn to the statute of Pennsylvania which it is contended pardoned the criminal here involved. It provides: "Where any person hath been or shall be convicted of any felony * * * and hath endured or shall endure the punishment to which such offender hath been or shall be adjudged for the same, the punishment so endured shall have the like effects and consequences as a pardon by the governor * * * and that the provisions of this section shall not extend to the case of a party convicted of wilful and corrupt perjury." 19 P.S.Pa. § 893. In reporting to the Legislature this statute for passage, the Penal Code Commissioners (See United States v. Hall, D.C., 53 F. 352; United States v. Hughes, D.C., 175 F. 238) said: "This section is new. It is founded on the principle that, if the offender has fully suffered the punishment inflicted by law upon his crimes, he should be restored to society without any further legal taint." 175 F. 242.

From this it will be seen the Act had no effect while the sentence was being served; it did not relieve from punishment; it did not pardon and was not so intended. When exercised, it dealt with no individual case, but was a blanket amnesty which restored the convicted man to civil rights, the right to vote, to give evidence and to be relieved from legal taint. To use this blanket act of amnesty and restoration to civil rights as an individual pardon granted by the pardoning power on the facts of each individual case, is without warrant.

So regarding, I am constrained to note my dissent.