**UNITED STATES ex rel. FORINO v. BROMBERG, Acting Officer in Charge, Immigration and Naturalization Service.**

**No. 129.**

District Court, W. D. Pennsylvania.

Aug. 9, 1945.

1022

Joseph A. Cirillo, of Pittsburgh, Pa., for relator.

Charles F. Uhl, U. S. Atty., and Edward C. Boyle, Asst. U. S. Atty., both of Pittsburgh, Pa., for respondent.

GIBSON, District Judge.

Lenzi Forino entered the United States at the Port of New York on September 17, 1928. At Numbers 57 and 58 October Sessions, 1932, Court of Oyer and Terminer of Allegheny County, Pennsylvania, he was convicted of the crime of murder in the second degree and on December 5, 1932, was sentenced to a term of not less than eight years and not more than sixteen years.

On April 18, 1933, the Assistant Secretary of Labor, after hearing, issued an order for the deportation of the relator. The warrant charged that the relator had been sentenced to a term of one year or more for a crime in this country, involving moral turpitude committed within five years after entry. A few days prior to July 17, 1945, the relator was ordered to submit himself for deportation, and thereupon filed his petition for a Writ of Habeas Corpus.

The basis of the claim of the writ is that the petitioner had received a pardon for the offense upon which he was sentenced by virtue of the provisions of the law of the State of Pennsylvania.

Section 181 of the Act of March 31, 1860, Public Laws of Pennsylvania 382 (Section 893 of Title 19 of Purdon's Statutes) provides in part: "Where any person hath been or shall be convicted of any felony, not punishable with death, or any misdemeanor punishable with imprisonment at labor, and hath endured or shall endure the punishment to which such offender hath been or shall be adjudged for the same, the punishment so endured shall have the like effects and consequences as a pardon by the governor, as to the felony or misdemeanor whereof such person was so convicted * * *."

The claim of a statutory pardon is unfounded. The defendant was released from his prison confinement at the end of his minimum sentence, but remained under the supervision of the court which imposed judgment during the maximum sentence period. Therefore, not having fully satisfied the judgment, he cannot claim that he is entitled to claim the statutory pardon granted by statute. Perkins v. United States ex rel. Malesevic, 3 Cir., 99 F.2d 255.

The Writ of Habeas Corpus will be vacated, and the relator ordered to surrender to the Immigration Officer.