## UNITED STATES ex rel. FORINO v. GARFINKEL, Officer in Charge, Immigration and Naturalization Service.

### No. 136.

District Court, W. D. Pennsylvania.
Jan. 22, 1947.

Edward C. Boyle, Asst. U. S. Atty., of Pittsburgh, Pa., and Maurice A. Roberts, of Philadelphia, Pa., for respondent.

McVICAR, District Judge.

This action is before the Court on the petition of Lenzi Forino for a writ of habeas corpus, wherein he alleges that he is being unlawfully deprived of his liberty by the District Director of Immigration and Naturalization and the United States Attorney for this District.

The Relator is a native and a citizen of Italy now thirty-nine years of age. He was admitted to the United States for perman-

ent residence September 17, 1928, at New York and has resided in this country continuously since that time. On December 5, 1932, and within 5 years after his entry, he pleaded guilty in the Court of Oyer and Terminer, Allegheny County, Pennsylvania, to an indictment charging him with murder. The Court fixed the decree of guilt as murder in the second degree and sentenced him to imprisonment for a term of not less than eight or more than sixteen years.

On January 11, 1933, a warrant for relator's arrest was issued under the immigration laws by the Assistant to the Secretary of Labor, charging him with being in the United States in violation of the Immigration Act of February 5, 1917, by reason of his conviction and sentence aforementioned. The applicable provisions of Section 19 of the Immigration Act of February 5, 1917, 8 U.S.C.A. § 155, reads as follows:

"That * * * any alien who is hereafter sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported: * * * Provided further, That the provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned. * * *"

The relator was accorded a hearing under the immigration warrant and after reviewing the record, the Secretary of Labor entered an order directing relator's deportation to Italy. The warrant of deportation, entered April 18, 1933, provided that execution thereof be deferred until such time as the alien was released from imprisonment. The relator does not now allege that the hearing accorded him was not fair and does not in any way attack the validity of the proceedings which culminated in the issuance of the warrant of deportation.

After serving his minimum sentence of eight years, the relator was released from imprisonment on parole January 22, 1941. Because of the international situation, it was not then feasible to effect deportation to Italy and the relator was permitted to remain at large on his own recognizance under the outstanding warrant of deportation.

With the termination of hostilities, deportation became feasible, and the relator was notified by the Immigration authorities that his deportation would be effected on or about July 15, 1945. On July 13, 1945, the relator filed with the Board of Immigration Appeals a petition for rehearing, alleging that he was no longer deportable, by virtue of the decision in Perkins v. United States ex rel. Malesevic, 3 Cir., 99 F.2d 255. On July 17, 1945, he was taken into custody for deportation by the immigration authorities, and on the same day sued out a writ of habeas corpus in this Court. The writ was vacated August 9, 1945 (United States ex rel. Forino v. Bromberg, D.C., 61 F.Supp. 1021), and relator's appeal to the Circuit Court of Appeals was subsequently dismissed for want of prosecution.

On December 4, 1945, the Governor of Pennsylvania commuted the relator's maximum sentence from sixteen years to thirteen years and ten days, the sentence to expire December 15, 1945. On December 19, 1945, the relator filed with the Board of Immigration Appeals another petition for rehearing, alleging that the commutation of sentence placed relator within the terms of the decision in Perkins v. United States ex rel. Malesevic, supra. The petition for rehearing was denied by the Board of Immigration Appeals May 28, 1946, and on July 2, 1946, the relator was taken into custody for deportation, at which time he sued out the instant writ of habeas corpus.

Relator claims that he has received a legislative pardon by virtue of the Pennsylvania Act of March 31, 1860, P.L. 382, Section 181, 19 P.S. § 893, and therefore cannot be deported under the Federal Act of February 5, 1917, supra. Section 181 of the Act of 1860 provides that:

"Where any person hath been or shall be convicted of any felony, not punishable with death, or any misdemeanor punishable with imprisonment at labor, and hath endured or shall endure the punishment to which such offender hath been or shall be

adjudged for the same, the punishment so endured shall have the like effects and consequences as a pardon by the governor, as to the felony or misdemeanor whereof such person was so convicted. * * * "

Respondent contends that relator did not receive a legislative pardon by virtue of the aforesaid Act of March 31, 1860, for the reason that this Act was repealed by Section 1201 of the Pennsylvania Act of June 24, 1939, P.L. 872, 18 P.S. § 5201, which became effective September 1, 1939. This section in its terms specifically repeals the aforesaid provision of the Act of 1860. This act, however, provides in section 1102:

"Civil rights and remedies preserved. The provisions of this act shall not affect any civil rights or remedies now existing by virtue of the common or statute law."

Relator claims that his case is not within the provisions of the Act of 1939, that the Act of 1939 expressly preserves civil rights and remedies existing at the time of its passage by virtue of the common or statute law. He also claims that the Act should not be construed to take away his civil rights, which would include his right to remain in this country. That such a construction would make the Act of 1939 retroactive, and in effect an ex post facto law.

The Board of Immigration Appeals, in October, 1942, in the case of In re Giovanni or John Rando, had before it a case in which the facts were substantially the same as in the present case. In the opinion, it is stated that it was the opinion of the Board that the repealing Act of 1939 did not take away from the alien the substantive right or grant which was attached to and became a part of the conviction, and that the Board did not think it was the legislative intention to take away such rights. Further, the Board stated:

"There is authority for the provision that statutes such as the one under consideration should be construed as applying in future. In fact, the prospective operation is to be presumed. And this is true whether the statute be penal or criminal."

The Board of Immigration Appeals seemingly maintained this position until the present case was before it, May 28, 1946, wherein it held that the relator was not entitled to a legislative pardon, stating in its opinion:

"In the instant case, since the alien's punishment was not endured until December 15, 1945 and as Section 181 of the Pennsylvania Statutes dated March 31, 1860, was repealed on June 24, 1939, if not before, and there being no corresponding provision in the repealing act, it is apparent that this alien cannot be considered as having been pardoned under the Act of 1860. In the circumstances, we shall deny the alien's motion for rehearing of the case."

The Pennsylvania Act of May 28, 1937, P.L. 1019, which is an Act relating to Statutory Construction, provides that:

"No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." 46 P.S. § 556.

In Commonwealth v. Quaranta, 295 Pa. 264, 273, 145 A. 89, 93, the Supreme Court of Pennsylvania, by Justice Kephart, stated:

"A pardon is an act of mercy or grace from a governing authority. In effect, it is a remission of guilt, exempting the individual from punishment for the offense. See Words and Phrases, [First Series], vol. 6, p. 5168; Ex parte Garland, 71 U.S. 333, 4 Wall. 333, 18 L.Ed. 366; 20 R.C.L. 556, and cases cited. It obliterates every stain which the law attached to the offender, placing him where he stood before he committed the pardoned offenses. United States v. Athens Armory, 35 Ga. 344, 362, 24 Fed.Cas. [pages 878, 884] No. 14,473.

"A full pardon releases the punishment and blots out the existence of guilt, so that, in the eyes of the law, the offender is as innocent as if he had never committed the offense. It removes the penalties and legal disabilities, restoring him to all his civil rights. Diehl v. Rodgers, 169 Pa. 316, 32 A. 424, 47 Am.St.Rep. 908; Com. v. House, 10 Pa.Super. 259, 265. In some jurisdictions it has been said that a person denies to any officer of the state the right to impute to the pardoned one the fact of conviction. Jones v. Board of Registrars of Alcorn County, 56 Miss. 766, 769, 31

Am.Rep. 385; Knote v. United States, 95 U.S. 149, 24 L.Ed. 442; Edwards v. Com., 78 Va. 39, 41, 49 Am.Rep. 377; Knapp v. Thomas, 39 Ohio 377, 395, 48 Am.Rep. 462; Young v. Young, 61 Tex. 191, 193; Nelson v. Com., 128 Ky. 779, 109 S.W. 337, 16 L.R.A.,N.S., 272; In re Campion, 79 Neb. 364, 112 N.W. 585; 11 L.R.A.,N.S., 865, 126 Am.St.Rep. 667, 16 Ann.Cas. 319."

In Commonwealth ex rel. Greenawalt, Appellant, v. Greenawalt, 347 Pa. 510, 32 A.2d 757, 758, the Supreme Court of Pennsylvania, by Justice Drew, stated:

" * * * It is a sound and well-settled principle of statutory construction that no law shall be construed to be retroactive unless clearly and manifestly so intended. Painter v. Baltimore & O. R. Co., 339 Pa. 271, 13 A.2d 396; Farmers Nat. Bank & Trust Co. v. Berks County R. E. Co., 333 Pa. 390, 393, 5 A.2d 94, 121 A.L.R. 905; Taylor v. Mitchell, 57 Pa. 209, C. F. Article IV, Section 56 of the Statutory Construction Act of May 28, 1937, P.L. 1019, 46 P.S. § 556. Where the language of the statute is general, and might be given both retroactive and prospective operation, it will under this principle be held to be prospective only. Horn & Brannen Mfg. Co. v. Steelman, 215 Pa. 187, 64 A. 409; Sproul v. Standard Glass Co., 201 Pa. 103, 50 A. 1003; Peoples' Fire Ins. Co. v. Hartshorne, 84 Pa. 453. This rule is especially applicable where a retroactive construction will either destroy or impair vested rights, and includes a prohibition against laws which, while operating upon events taking place in the future, divest rights, particularly property rights, which were vested anterior to the time of the enactment of such law. Crawford on Statutory Construction, § 278."

Article 1, Section 10 of the Constitution of the United States provides that:

"No State shall * * * pass any ex post facto Law."

In 16 Corpus Juris Secundum, Constitutional Law, § 435, page 886, it is stated:

"An ex post facto law is one which, operating retrospectively and on penal or criminal matters only, renders a previously innocent act criminal, aggravates, or increases the punishment for, a crime, alters the rules of evidence, penalizes an innocent act while assuming to regulate civil rights and remedies, deprives an accused of some protection or defense previously available, or alters his situation to his disadvantage."

In Re Medley, 134 U.S. 160, 10 S.Ct. 384, 33 L.Ed. 835, it is stated by the Court that:

"Any law which was passed after the commission of the offense for which the party is being tried is an ex post facto law when it inflicts a greater punishment than the law annexed to the crime at the time it was committed; * * * or which alters the situation of the accused to his disadvantage."

In Kring v. Missouri, 107 U.S. 221, 2 S.Ct. 443, 455, 27 L.Ed. 506, the Supreme Court speaking through Justice Miller stated:

"We are of opinion that any law passed after the commission of an offense which, in the language of [Mr. Justice] Washington, in United States v. Hall, [Fed.Cas. No. 15,825], 'In relation to that offense, or its consequences, alters the situation of a party to his disadvantage,' is an ex post facto law."

In Lindsey et al. v. Washington, 301 U.S. 397, 57 S.Ct. 797, 799, 81 L.Ed. 1182, the Supreme Court speaking by Justice Stone, stated:

"The Constitution forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer. Kring v. Missouri, supra, 107 U.S. 221, 228, 229, 2 S.Ct. 443, 27 L.Ed. 506; In re Medley, 134 U.S. 160, 171, 10 S.Ct. 384, 33 L.Ed. 835; Thompson v. Utah, 170 U.S. 343, 381, 18 S.Ct. 620, 42 L.Ed. 1061. It is for this reason that an increase in the possible penalty is ex post facto, Calder v. Bull, 3 Dall. 386, 390, 1 L.Ed. 648; Cummings v. Missouri, supra, 4 Wall. 277, 326, 18 L.Ed. 356; Malloy v. South Carolina, 237 U.S. 180, 184, 35 S.Ct. 507, 59 L.Ed. 905, regardless of the length of the sentence actually imposed, since the measure of punishment prescribed by the later statute is more severe than that of the earlier, State v. Callahan, 109 La. 946,

33 So. 931; State v. Smith, 56 Or. 21, 107 P. 980."

There are only two states in the union which have or have had legislative pardons, Pennsylvania being one of those states.

Our attention has not been called to any decision of the Pennsylvania Courts construing the effect of the Act of 1939, as to offenses committed before the Act became effective.

 I am of the opinion that the Act of 1939 did not take away any civil rights or remedies which the relator had at the time the Act became effective; that the Act of 1939 should not be construed to have a retroactive effect and so as to preclude a pardon to persons who committed crimes prior to the effective date of that Act and who, under the terms of the Act of 1860, would have been entitled to a legislative pardon. I am also of the opinion that relator received a legislative pardon. The relator is entitled to the writ of habeas corpus prayed for in this case.

Let a suitable order be prepared and submitted.