### UNITED STATES ex rel. FORINO v. GARFINKEL.

#### No. 9399.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 4, 1947.

Decided March 4, 1948.

Maurice A. Roberts, of Philadelphia, Pa. (Owen M. Burns, U. S. Atty., of Erie, Pa., and Edward C. Boyle, Asst U. S. Atty., of Pittsburgh, Pa., on the brief), for appellant.

Premo J. Columbus and Joseph A. Cirillo, both of Pittsburgh, Pa., for appellee.

Before BIGGS, MARIS and KALODNER, Circuit Judges.

BIGGS, Circuit Judge.

The question presented by the instant appeal is a narrow one. The relator, Forino, a citizen of Italy, admitted to the United States for permanent residence, on December 5, 1932, and within five years after his entry, pleaded guilty in the Court of Oyer and Terminer, Allegheny County, Pennsylvania, to an indictment charging him with murder. The court fixed the degree of his guilt as murder in the second degree and sentenced him to imprisonment for a term of not less than eight nor more than sixteen years. On January 11, 1933, a warrant for Forino's arrest was issued by the Secretary of Labor to deport him as an undesirable alien within the purview of Section 19 of the Immigration Act of 1917, as amended, 39 Stat. 889, 8 U.S.C.A. § 155, which provided in pertinent part that "* * * any alien who, after May 1, 1917, is sentenced to imprisonment for a term of one year or more because of conviction in this country of a crime involving moral turpitude, committed within five years after the entry of the alien to the United States * * * shall, upon the warrant of the Secretary of Labor, be taken into custody and deported: * * * Provided further, That the provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned * * *."

The warrant provided, as specified in the Act, that its execution should be deferred until Forino was released from imprisonment. After serving eight years Forino was paroled. Shortly thereafter, and on July 13, 1945, he petitioned the Board of Immigration Appeals for rehearing, asserting that he was no longer subject to deportation by virtue of our decision in Perkins v. United States, 3 Cir., 1938, 99 F.2d 255. The Board rejected this contention and Forino abandoned it. Two weeks later Forino was taken into custody for deportation, but he sued out a writ of habeas corpus. The writ was discharged and though Forino appealed to this court he did not press the appeal.

On December 6, 1945, the Governor of Pennsylvania commuted Forino's maximum sentence from sixteen years to thirteen years and ten days, the sentence expiring on December 15, 1945. Forino then filed another petition for rehearing with the Board of Immigration Appeals, alleging that by reason of the commutation of his sentence he was no longer subject to deportation under Perkins v. United States, supra. The petition for rehearing was denied and Forino was again taken into custody. He again procured a writ of habeas corpus and the court below discharged him from custody. The Officer in Charge has appealed.

Forino did not contend in the court below, nor does he contend in this court, that the commutation of his sentence by the Governor brings him within the purview

of this court's decision in Perkins v. United States, supra. His present position is based on Section 181 of the Act of March 31, 1860, P.L. 382, 19 P.S. Pa. § 893, which provided in part: "Where any person hath been or shall be convicted of any felony, not punishable with death, or any misdemeanor punishable with imprisonment at labor, and hath endured or shall endure the punishment to which such offender hath been or shall be adjudged for the same, the punishment so endured shall have the like effects and consequences as a pardon by the governor, as to the felony or misdemeanor whereof such person was so convicted * * * ." This statute was repealed by Section 1201 of the Act of June 24, 1939, P.L. 872, 18 P.S. Pa. § 5201, the repealing Act becoming effective on September 1, 1939.[1] Forino points to Section 1102 of the Act of June 24, 1939, 18 P.S. Pa. § 5102, which states that, "The provisions of this act shall not affect any civil rights or remedies now existing by virtue of the common or statute law", and to art. IV, Section 56, of the Act of May 28, 1937, P.L. 1019, 46 P.S. Pa. § 556, the Statutory Construction Act, which provides that "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." He contends in effect that he has achieved the benefit of a legislative pardon, or at least should be deemed to have acquired the status of a person who has been pardoned by the Pennsylvania Legislature, since otherwise the repealing statute would be given retroactive effect and he would lose his civil right to a legislative pardon, a right which he says was acquired by him prior to the passage of the repealing statute. As an additional point he asserts that to treat the repealing statute as effective when he had served part of his sentence at the time it was enacted is to impose upon him the burden of ex post facto law prohibited by Section 9 of Article 1 of the Constitution of the United States and by Section 17 of Article 1 of the Constitution of Pennsylvania, P.S. The court below agreed with Forino's contentions. See 69 F.Supp. 846.

■ It must be conceded at the outset by the appellant that if Forino had received a legislative pardon, or presently possesses the status of a person who is entitled to one, he cannot be deported and is entitled to his liberty. This issue was settled for this circuit by our decision in Perkins v. United States, supra. We are unable to perceive, however, how Forino is entitled to such a status. Forino's position in respect to a pardon must, of course, be determined by the law of Pennsylvania. Under that law, as indeed under that of the other States and of the United States, a pardon is simply an act of grace.[2] See United States v. Wilson, 7 Pet. 150, 8 L.Ed. 640; Commonwealth v. Halloway, 44 Pa. 210, 84 Am.Dec. 431; Commonwealth v. Ahl, 43 Pa. 53. This is true whether the pardon be granted by the executive or by the legislature. No one has or can acquire a vested right to a pardon. If the pardon be from the executive, it is by the will of the executive; if it be legislative, it is granted only under the terms of the applicable statute.

■ The Legislative Pardons Act of 1860 provided that when the convict "hath endured or shall endure the punishment" to which he has been sentenced, he should be pardoned. The flaw in Forino's reasoning lies in the fact that the access to legislative grace was withdrawn by an act of

---

[1] The repealing act became effective on September 1, 1939, by virtue of art. I, Section 4 of the Act of May 28, 1937, P.L. 1019, 46 P.S.Pa. § 504, since no effective date was specified by the Legislature of Pennsylvania for the Act of June 24, 1939. The act last mentioned provides that all laws enacted at a regular session of the Legislature, with certain immaterial exceptions, shall be in force and effect from and after the first day of September next following their final enactment unless a different date is specified in the law itself.

[2] The definition from United States v. Wilson, 7 Pet. 150, 8 L.Ed. 640, is the one usually quoted: "Pardon * * * an act of grace, proceeding from the power intrusted with the execution of the laws, which exempts the individual, on whom it is bestowed, from the punishment the law inflicts for a crime he has committed."

See also Bouvier's Law Dictionary, Rawle's Third Revision.

the Pennsylvania Legislature before he had endured his punishment. The possibility of access to a legislative pardon is not a civil right or a remedy. Forino therefore is not aided by Section 1102 of the Act of June 24, 1939, which preserved civil rights or remedies from repeal. Nor is he aided by art. IV, Section 56 of the Act of May 28, 1937, prohibiting the retroactive effect of laws, because he had acquired no right to a pardon since he had not "endured" his punishment before September 1, 1939 the effective date of the repealing act. Had he acquired a right to a pardon by the day last stated, the obliteration of that right would have given the repealing statute a retroactive effect prohibited by the Act of May 28, 1937.

Compare the circumstances of the case at bar with those set out in Commonwealth v. Greenawalt, 347 Pa. 510, 32 A. 2d 757.. There a wife sought to issue execution under the Act of May 24, 1923, P.L. 446, 48 P.S. Pa. § 137 et seq. to sell certain property owned by herself and her husband by the entireties to enforce a judgment entered in her favor on a support order. The property had been conveyed to husband and wife about seven weeks prior to the passage of the Act of May 24, 1923. The Supreme Court of Pennsylvania held that the statute could not be construed retroactively in order to permit the execution. The cited case is clearly distinguishable from that at bar. We can find no authority which aids the relator [3,4] and he has cited none.

■ To sustain Forino's point one would have to take the position that any sentence of imprisonment imposed prior to the effective date of the repealing act carried with it a right to a legislative pardon. This would constitute judicial legislation and would change the terms of the Legislative Pardons Act making the issuance of the pardon dependent on the imposition of the sentence on the criminal and not on the criminal having endured his punishment. No pro tanto effect can be ascribed to the Legislative Pardons Act. Either a convict is entitled to the benefits of the Act or he is not entitled to them. He cannot become entitled to some part of a pardon because he had served some part of his sentence at the time of the repeal.

■ The second point made by Forino is that if the repealing act be construed to deprive him of the legislative pardon it will operate as an ex post facto law. This point requires but little discussion. In making the argument the relator confuses the nature of punishment and the nature of a pardon. He takes the broad position that any law which alters his position to his disadvantage is necessarily ex post facto. It must be conceded of course that any law which alters the punishment or inflicts a greater punishment than the law annexed to the crime when committed may be characterized properly as ex post facto. This was the ruling of the Supreme Court in Calder v. Bull, 3 Dall. 386, 390, 391, 1 L. Ed. 648.

But the repeal of the Legislative Pardons Act did not change the punishment or inflict a greater punishment on Forino. Under our view he could not become entitled to the pardon until he had endured the punishment prescribed. When he had endured his punishment the grace previously afforded by the Legislative Pardons Act had been withdrawn. We can find no Pennsylvania authority or that of a tribunal of any other jurisdiction which supports the relator's position in this regard. Even if the constitutional prohibition against ex post facto enactments be construed broadly to include civil laws

3 The appellant makes the concession on p. 7 of his brief that the "repealing act of June 24, 1939 * * * may be termed retrospective insofar as it affected persons who were still serving sentences * * *" In our opinion this concession is unjustified by the facts and the law.

4 For typical rulings of the Pennsylvania Courts respecting possible retroactive effects of statutes see Speck v. Phillips, 160 Pa.Super. 365, 51 A.2d 399; Monroe Loan Soc. of Pennsylvania v. Morello, 160 Pa.Super. 418, 51 A.2d 347; Longacre Park Heating Co. v. Delaware County, 160 Pa.Super. 252, 50 A.2d 706; Empire Box Corp. of Stroudsburg v. Chesnut, 352 Pa. 418, 43 A.2d 88; Commonwealth v. Repplier Coal Co., 348 Pa. 372, 35 A.2d 319; and Commonwealth v. Greenawalt, 347 Pa. 510, 32 A.2d 757.

retroactively affecting vested or accrued rights as distinguished from criminal statutes, as has been urged on occasion,[5] Forino's position gains nothing for the reason stated in an earlier part of this opinion.

The judgment of the court below will be reversed.

[5] See Crosskey, "The True Meaning of the Constitutional Prohibition of Ex-Post-Facto Laws", University Chicago L. R., Vol. 14, p. 539 et seq.