## Commonwealth ex rel. Kinder v. Day, Warden, et al. (No. 2)

*George Kinder*, p. p., for petitioner.

*Frank P. Lawley, Jr.*, Deputy Attorney General, and *Frank F. Truscott*, Attorney General, contra.

SOHN, J., August 16, 1954.—This is a mandamus action which was instituted on June 17, 1954, by a prisoner in the State Penitentiary at Graterford against the Board of Parole. On July 26, 1954, plaintiff filed a "supplemental brief" in support of his "petition" calling to the court's attention a habeas corpus action which plaintiff had previously instituted in Philadelphia County. Neither document was endorsed with notice to plead. Defendants have filed no answer. The Attorney General has, however, had notice of this proceeding, and on behalf of defendants has submitted to the court a memorandum setting forth his views on the legal questions presented in this case. Cf., Commonwealth ex rel. Brink v. Pennsylvania Board of Parole et al., Commonwealth docket, 1953, no. 28. It is our view that the legal questions should be decided and accordingly we will determine whether the petition and supplement are sufficient in law to support the relief which plaintiff asks us to grant.

On March 14, 1947, plaintiff was convicted of burglary in Philadelphia County, and was sentenced to a term of confinement in the Eastern State Penitentiary of not less than three years nor more than six years, effective from March 6, 1947. He was paroled on May 28, 1951, and almost immediately he violated the terms of his parole by absconding from the jurisdiction of the Board of Parole. It should be noted that, at that time, the law relating to parole violators was supplied by the Act of May 1, 1929, P. L. 1182, 61 PS §§309, 310.

In May 1953 plaintiff was arrested in Cleveland, Ohio, and received a sentence, for petit larceny, to the workhouse. Being there confined, a detainer or warrant of the Pennsylvania Board of Parole was filed to return plaintiff to Pennsylvania as a parole violator, upon completion of his Ohio sentence on June 23, 1953. At that time (June 23, 1953) plaintiff resisted extradition and, as a result, he was not turned over to Penn-

sylvania authorities until July 31, 1953. On August 4, 1953, he was returned to the Eastern State Penitentiary and his recommitment was ordered on October 4, 1953, as a technical parole violator under the terms of the Act of August 24, 1951, P. L. 1401, sec. 5, 61 PS §331.21a(b). In computing plaintiff's back time, the Parole Board denied credit for the period between August 24, 1951 and July 31, 1953, the date he became available for return to Pennsylvania. His maximum sentence will expire on February 13, 1955.

The first of plaintiff's questions may be paraphrased as follows: May the Act of August 24, 1951, P. L. 1401, sec. 5, be applied to a person who was already delinquent on parole at the time of its enactment?

Section 5 of the Act of 1951, supra, 61 PS §331.21a(b), provides:

"Technical violators. Any parolee under the jurisdiction of the Pennsylvania Board of Parole released from any penal institution in the Commonwealth who, during the period of parole, violates the terms and conditions of his parole, other than by the commission of a new crime of which he is convicted or found guilty by a judge or jury or to which he pleads guilty or nolo contendere in a court of record, may be recommitted after hearing before the board to the institution from which he was paroled or to any other institution to which legally transferred as a parole violator. If he is so recommitted, he shall be given credit for the time served on parole in good standing but with no credit for delinquent time, and may be reëntered to serve the remainder of his original sentence or sentences. Said remainder shall be computed by the board from the time his delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole, and he shall be required to serve such remainder so computed from the date he is taken

into custody on the warrant of the board. Such prisoner shall be subject to reparole by the board whenever in its opinion the best interests of the prisoner justify or require his being reparoled and it does not appear that the interests of the Commonwealth will be injured thereby."

Plaintiff is obviously trying to bring himself within the ruling of the Supreme Court in the case of Commonwealth ex rel. Tate v. Burke, 364 Pa. 179, wherein it was held, under the Act of 1929, supra, that a technical parole violator must be given credit for all time spent outside the prison up to the time of his arrest.

The effect of the Tate decision was to place a premium upon the ability of the parolee to elude arrest. The longer he could remain undetected, the shorter his period of confinement upon recommitment. If he could successfully avoid arrest during the entire period of his parole, he could not be recommitted.

The Act of 1951, supra, is designed to remedy this undesirable result and has the effect of enacting into law the practice followed by the Parole Board prior to the Tate decision.

The precise question here involved was decided in the affirmative against plaintiff in the habeas corpus action to which he makes reference in his "supplemental brief." See Commonwealth ex rel. Kinder v. Day, 89 D. & C. 402.* Judge Carroll of the Court of Common Pleas No. 5 of Philadelphia County there held the Act of 1951, supra, to be applicable to persons sentenced, paroled and absconded but not yet recommitted at the effective date of the statute; that such application does not make it an ex post facto law: Commonwealth ex rel. Wall v. Smith et al., 345 Pa. 512; United

---

* Plaintiff previously filed a habeas corpus action in this court which was dismissed for lack of jurisdiction. See Commonwealth ex rel. Kinder v. Tees, 66 Dauph. 196.

States ex rel. Forino v. Garfinkel, 166 F. 2d 887; and, on the principles set forth in Commonwealth ex rel. Banks v. Cain, 345 Pa. 581, a parolee has no constitutional guarantee against a change in the law relating to punishment for continuing offenses or violation of parole. See In re Etie, 27 Cal. 2d 753 (1946), 167 P. 2d 203, 207; Parole Violators, 83 D. & C. 32.

In accord with Judge Carroll's decision are the following cases: Commonwealth ex rel. Schmidt v. Healey (Luzerne Co.), 85 D. & C. 542; Commonwealth ex rel. Lutz v. Keenan (Allegheny Co.), 102 Pitts. L. J. 181; Commonwealth ex rel. Neiswender v. Dressell (Lehigh Co.), 26 Lehigh 6; and Commonwealth ex rel. Davidson v. Maroney (Westmoreland Co.), February term, 1954, no. 587.

On the basis of the above authorities we hold that plaintiff's first question is without merit and that the Act of 1951, supra, can be applied to him.

Plaintiff's only other question assumes that the Act of 1951, supra, can be applied to him.

According to his petition, plaintiff's workhouse sentence in Ohio was completed on June 23, 1953, and he was confined thereafter in Ohio until July 31, 1953.

Credit for this period was denied by the Parole Board on the ground that plaintiff was not available for return to Pennsylvania until the latter date. It will be remembered that plaintiff resisted extradition during that period. The Attorney General's memorandum to us indicates that he believes the board acted incorrectly in denying this credit. We are of the same opinion. The Act of 1951, supra, provides that a parolee shall be required to serve the remainder of his sentence upon recommitment "computed from the date he is taken into *custody* on the *warrant* of the Board".

Plaintiff, upon completion of his Ohio sentence (June 23, 1953), was detained in custody by the Ohio

authorities solely by virtue of the warrant which had been filed by the Board of Parole. We believe these facts clearly come within the meaning of the Act of 1951, supra, and plaintiff is accordingly entitled to credit on his back time from June 23, 1953.

When plaintiff was originally released on parole he signed an agreement waiving extradition, if he should at any time be found delinquent outside the borders of Pennsylvania. The fact that he later resisted extradition is not reason for denying the credit required by the act. However, if this plaintiff should at any time apply for reparole, we believe the board would be justified in taking into consideration upon such application the defiance of plaintiff inherent in his refusal to honor his agreement.

We are here dealing with a problem that has not been decided and involves the legal computation of sentences by the Parole Board in the administration of its official duties. Under the opinion in the case of Commonwealth ex rel. Balles v. Pennsylvania Board of Parole, 61 Dauph. 361, this court has jurisdiction in mandamus in such a proceeding. Accordingly, we enter the following

*Order*

And now, August 16, 1954, it is ordered that defendant, the Pennsylvania Board of Parole, acting through its duly constituted members, make computation of plaintiff's sentence, in accordance with this opinion, and make proper record that upon recommitment for technical parole violation, credit be given from the date plaintiff was taken into custody upon warrant of the board, to wit, June 23, 1953. The period between June 23, 1953, and July 31, 1953, is 38 days. His maximum sentence is now computed to expire February 13, 1955. This order requires that it be recomputed to expire January 6, 1955.