MATTER OF K—

In EXCLUSION Proceedings

A-10970591

*Decided by Board October 20, 1960*

Recommendation against deportation—Section 241(b)—Effect upon excludability.

(1) Recommendation against deportation complying with requirements of section 241(b) of the Immigration and Nationality Act held effective to relieve alien of consequences of either deportability or excludability in respect to conviction for crime committed in United States.

(2) Hungarian parolee found admissible for permanent residence under Act of July 25, 1958 where sentencing court recommended against deportation for crime committed while on parole.

EXCLUDABLE: Act of 1952—Section 212(a)(9) [8 U.S.C. 1182(a)(9)]—Convicted of and admits crime—Armed robbery and assault with intent to commit murder.

## BEFORE THE BOARD

**DISCUSSION:** The special inquiry officer ordered that the applicant be admitted to the United States for permanent residence under the Act of July 25, 1958 as of January 1, 1957, and the case is before us on that officer's certification.

The applicant is a 21-year-old unmarried male, a native and last a citizen of Hungary, who was paroled into the United States under 8 U.S.C. 1182(d)(5) on January 1, 1957. On July 8, 1958, the applicant was sentenced to imprisonment for one to ten years following his conviction for armed robbery and assault with intent to commit murder, committed in the United States on May 2, 1958. On July 22, 1958, Judge Donovan, who had sentenced the applicant, recommended that he be not deported as a result of this conviction. The applicant was paroled from prison on October 9, 1959. His immigration parole was terminated on June 21, 1960, at which time he was accorded a hearing before a special inquiry officer. The sole issue to be determined is whether the special inquiry officer's action in admitting the applicant for permanent residence was proper. For the reasons hereinafter stated, we approve his disposition of the case.

121

Prior to sentencing the applicant, Judge Donovan requested information concerning the effect of a recommendation against deportation in this case and an officer of the Service called upon him on July 7, 1958, to discuss the matter. Apparently Judge Donovan was informed that a recommendation against deportation in the applicant's case would have no legal effect. It was stated during the hearing and at the oral argument that, although there might be some question concerning the matter, the Government was not urging that there had been a failure to comply with the notice requirements of 8 U.S.C. 1251(b). Accordingly, we will not regard the question of the sufficiency of the notice as an issue in this case.

Under the Act of July 25, 1958, (72 Stat. 419; 8 U.S.C. 1182, Note; Public Law 85-559), a paroled Hungarian refugee, who had been in the United States at least two years, could be admitted for permanent residence provided he was found (except for his lack of an immigrant visa) to have been admissible as an immigrant at the time of arrival and also at the time of inspection two years later. Except insofar as the Act of July 25, 1958 shows that the applicant's admissibility is to be determined as of June 21, 1960, when he appeared before the special inquiry officer, this special legislation has no direct bearing on the question which is involved in this case, and the problem is one of general application.

Since the applicant had been convicted of a crime involving moral turpitude prior to June 21, 1960, it is clear that he would have been inadmissible to the United States under 8 U.S.C. 1182(a)(9) if it had not been for the court's recommendation. The question which requires solution in this case is whether the court's recommendation that this applicant be not deported because of his conviction, which recommendation would be an absolute bar if this were a proceeding to *expel* and deport the applicant, is to be considered a nullity because the present proceeding happens to be one for the purpose of *excluding* and deporting him on the basis of the same conviction.

The statutory provision involved is 8 U.S.C. 1251(b), the pertinent part of which is as follows:

(b) The provisions of subsection (a)(4) of this section respecting the deportation of an alien convicted of a crime or crimes shall not apply (1) in the case of any alien who has subsequent to such conviction been granted a full and unconditional pardon by the President of the United States or by the Governor of any of the several States, or (2) if the court sentencing such alien for such crime shall make * * * a recommendation to the Attorney General that such alien not be deported * * *.

It is true, as the Service asserts, that in 8 U.S.C. 1251(b) Congress changed a prior similar provision so that legislative pardons are no longer within its purview. However, we find no support for the contention of the Service that Congress *deliberately* changed the statutory language in order that 8 U.S.C. 1251(b) would apply only

122

to crimes after entry and not to crimes prior to entry. Neither 8 U.S.C. 1251(b) nor the prior provision contain any specific reference to crimes after entry or prior to entry, and the language of both, other than that relating to pardons, is almost identical. The prior statutory provision, which appeared in section 19(a) of the Immigration Act of 1917 as amended [8 U.S.C. 155(a), 1946 ed.], was as follows:

* * * *Provided further.* That the provision of this section respecting the deportation of aliens convicted of a crime involving moral turpitude shall not apply to one who has been pardoned, nor shall such deportation be made or directed if the court, or judge thereof, sentencing such alien for such crime shall * * * make a recommendation to the Attorney General that such alien shall not be deported * * *.

The Service contends that although a pardon or the sentencing court's recommendation has the effect of immunizing the alien from being deported under 8 U.S.C. 1251(a)(4), the same pardon or court's recommendation concerning the identical conviction has no efficacy if the basis for deportation or exclusion is under some provision other than 8 U.S.C. 1251(a)(4). The argument is predicated on the language of 8 U.S.C. 1251(b) which reads: "The provisions of subsection (a)(4) of this section * * * shall not apply," and it is claimed that this limits the provision to 8 U.S.C. 1251(a)(4). The comparable prior statutory provision in the 1917 Act appeared in section 19(a) which section related to deportation and it was also limited to that section as distinguished from section 3 of the 1917 Act [8 U.S.C. 136, 1946 ed.] pertaining to exclusion. Nevertheless, as will hereinafter appear, the 1917 Act provision was held to be applicable to any crime committed in the United States whether prior to or subsequent to entry.

The Service representative stated during the oral argument that there is some judicial authority that a full and unconditional pardon wipes out a crime completely and that consequently there would be some logic in holding a pardon effective in both exclusion and deportation cases, but that a different rule should be applied in the case of a court's recommendation against deportation. Whether a pardon does or does not obliterate the crime completely is not the determinative factor, because it is the statute itself which provides that an alien is not to be deported for a crime for which he has been granted a full and unconditional pardon by the President or a Governor of a State. 8 U.S.C. 1251(b) sets forth two matters which bar deportation: (1) a pardon, or (2) the sentencing court's recommendation against deportation. Since the statutory provision treats both equally, it follows that the same rule must be adopted concerning the pardons and recommendations of the court against deportation.

There was cited on behalf of the Service our decision in *Matter of D—*, 8—658, in which we said that section 4 of the Act of September 3, 1954 [8 U.S.C. 1182a] could not be used where the deportation charge is based on 8 U.S.C. 1251(a)(4). 8 U.S.C. 1182a specifically refers to an alien who is *excludable* because of the conviction of a misdemeanor and, hence, this statutory provision had no applicability to the alien there who was not excludable but who was subject to deportation under 8 U.S.C. 1251(a)(4). Accordingly, *Matter of D—*, *supra*, has no relevance to the issue involved here.

During the oral argument, the Service representative took the position that the special inquiry officer's decision was in conflict with *Leng May Ma* v. *Barber*, 357 U.S. 185 (1958). In that case, the alien contended that she was eligible for a stay of deportation under 8 U.S.C. 1253(h). That statutory provision authorizes the Attorney General to withhold deportation of an alien "within the United States" under certain circumstances. The decision of the Supreme Court turned on the fact that since the alien had merely been paroled she had not made an entry and did not, therefore, meet the requirement of 8 U.S.C. 1253(h) of being "within the United States." That question is not involved in this applicant's case because it is clear that he is not "within the United States" and that he has not made an entry in contemplation of law. As we have indicated above, the sole question in the applicant's case is whether a pardon or a court's recommendation as to a particular conviction is to be disregarded merely because this is an exclusion case rather than a deportation case.

8 U.S.C. 1182(a)(9) requires the exclusion of an alien who has been convicted of a crime involving moral turpitude. This applies to a conviction which occurred *prior* to the alien's entry. It may relate to a crime committed in a foreign country or a crime committed in the United States and it may refer to a crime committed after an original entry into the United States and prior to a reentry. 8 U.S.C. 1251(a)(4) relates to convictions for a crime or crimes committed *after* entry. As we have previously indicated, the comparable provisions of the 1917 Act were sections 3 and 19(a), respectively. In *Perkins* v. *United States ex rel. Malesevic*, 99 F.2d 255 (C.C.A. 3, 1938), the Government contended that the pardon provision of the 1917 Act could not apply to crimes committed prior to entry but the court held that this provision applies equally to crimes committed prior to entry and crimes committed after entry so long as the conviction and the pardon were for a crime committed in the United States. Subsequently, a similar conclusion was reached with respect to the provision of the 1917 Act concerning a court's recommendation against deportation (*Rasmussen* v. *Robinson*, 163

F.2d 732 (C.C.A. 3, 1947)). Relying on the latter decision, on July 8, 1948, the Central Office of the Service held that the recommendation against deportation of the sentencing court (as to crimes committed in the United States) had the effect of immunizing an alien from *exclusion* on the basis of the conviction (*Matter of H— and Y—*, 3—236, 240–243). At page 241 of that decision it was stated that this Board had reached the same conclusion in an unreported decision dated April 28, 1948. During the 12 years which have elapsed since that time, the Board has consistently followed this rule and it does not appear to have been questioned by the Service except in *Matter of H—*, 6—90 (1954).

*Matter of H—*, *supra*, involved a pardon for a crime committed in the United States prior to entry. The Service, in its motion in that case (6—91), stated that it was well established that if the case had been one to be decided under the 1917 Act the alien would not have been deportable with respect to crimes committed prior to her reentries. However, it was contended that a different result was required under the Immigration and Nationality Act because 8 U.S.C. 1251(b) commences with the words, "The provisions of subsection (a)(4) of this section." As we have indicated above, the provisions of the 1917 Act and the present law are similar in this respect, and the argument advanced in the applicant's case is exactly the same as the one which had been urged in *Matter of H—*. We have again considered the matter but we adhere to the conclusions reached in *Matter of H—*, *supra*, for the reasons which were fully set forth in that decision. It is our considered opinion that a pardon or a court's recommendation against deportation which meets the requirements of 8 U.S.C. 1251(b) has the effect of immunizing the alien insofar as that conviction is concerned regardless of whether the proceeding against him is to exclude and deport or expel and deport and regardless of whether the statutory provision involved is 8 U.S.C. 1182(a)(9), 1251(a)(1) or 1251(a)(4). This, of course, applies only to a crime committed within the United States since it is well settled that a foreign pardon is not effective to prevent deportation and this would also be true of any recommendation against deportation made by a foreign court.

The Service asserts that in the cases previously decided there had been a conviction for a crime during a previous lawful or unlawful residence in the United States and that the question concerning admissibility arose when the alien attempted to return to the United States after an absence. If we adopted the view urged by the Service, an alien who had lived in the United States for many years and who had been convicted of a crime involving moral turpitude would have to be excluded when now applying for readmission after a short absence even though he had been pardoned or had

received the favorable recommendation of the sentencing court. It was also contended by the Service that the applicant's case does not involve equitable factors such as long residence in the United States, family ties, *etc.*, but that, on the contrary, the applicant has only a short period of residence here and has abused this country's hospitality by the commission of a serious crime. Counsel for the applicant states that there were extenuating circumstances; that the applicant was a "freedom fighter" in Hungary; and that his deportation to that country would result in imprisonment or execution. All of these matters are irrelevant since only a legal issue is involved in this case and we have concluded that the sentencing court's favorable recommendation requires the ruling that neither deportation nor exclusion proceedings against the applicant can be predicated on the conviction mentioned above.

**ORDER:** It is ordered that the special inquiry officer's order, admitting the applicant for permanent residence, be approved.