Opinion by
Henderson, J.,
The record presents two assignments. Complaint is made in the first that a conviction was permitted by the court without proof of the age of the defendant. Evidence on that subject was held to be necessary in Com. v. Walker, 33 Pa. Superior Ct. 167, and if the case before us were like that, destitute of evidence on the subject, this assignment should be sustained. But an examination of the testimony discloses the fact that there was evidence from which the jury must have concluded that the defendant was more than sixteen years of age. He was called as a witness in his own behalf and was therefore seen and identified by the jurors; he testified that he was in the coal and ice business and that he employed an assistant; that he was married and had a wife and five children. He is referred to by his counsel as a married man, and in numerous other places in the examination of the witnesses he is called a man. This certainly gave the jury information as to the material question whether the defendant was more than sixteen years old and the case is unlike Com. v. Walker, 33 Pa. Super. Ct. 167, in that respect. There was abundant evidence to warrant the conclusion that the defendant was within the class to which the statute applies as to the matter of age. -
The defendant was convicted under the first section of the act of May 19,1887, P. L. 128. The second assignment *58 relates to the instruction of the court on the subject of the “good repute’’ of the prosecuting witness. The particular portions of the charge objected to are these: “By the word ‘repute’ is meant character, and if you find from the evidence produced on the part of the defendant that this girl was of an immoral character, it will affect your verdict. . . . However, as I say, if you believe that she was not of a good character, and was immoral, then that fact is to be weighed in connection with your verdict, and there should be no higher degree than of fornication. On the other hand, if you believe the girl was of a good moral character, then you may consider all of the other facts bearing upon the proof of that offense.” The meaning of the word “repute” in the statute is not doubtful. It means the reputation of the person for chastity in the community in which she lives: that is, what she is reputed to be; not what she actually is, and the burden put on the defendant was to show that the prosecuting witness bore a bad reputation. But the charge of the court must have given to the jurors the understanding that the question was not how she was esteemed in this respect by the public but what her real character was. When it is said of one that she is of an immoral character that is understood to relate not to her reputation but to her conduct of life. Twice in the part of the charge quoted the jury is told that if the girl was immoral that fact was to be weighed in making up the verdict. But the defendant was not required to show that she was immoral. It might be very difficult to prove that. What the statute permitted him to do was to show that in the community in which she lived her reputation for chastity was bad. It is conceivable that such a reputation might attach to a person who is not immoral and the defendant was entitled to any protection which the statute gave him in this respect. The offense is of a very different ■character where there is bad repute and consent. It is-important, therefore, that the distinction between reputation and actual character be made clear to the jury, *59 They could not be criticised for concluding from the charge that the defendant must prove that the girl was an immoral person, in order to reduce the offense to fornication. We’ are therefore brought to the conclusion that the second assignment must be sustained.
The judgment is reversed and a v. f. d. n. awarded.