Commonwealth *v.* Calvery, Appellant.

Submitted March 15, 1938.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES,
JJ.

*William S. Stein,* for appellant.

*John P. Boland,* Assistant District Attorney, and *Charles F. Kelley,* District Attorney, for appellee.

OPINION BY CUNNINGHAM, J., April 13, 1938:

On November 9, 1937, John Cavalier was convicted in the court below of the crime of statutory rape; from the judgment and sentence of from five to ten years in the Eastern Penitentiary he has taken this appeal. At the trial appellant admitted having had intercourse with Grace Sanutti, the prosecuting witness, then "under the age of sixteen years," but endeavored to reduce the grade of his offense from rape to fornication, as authorized by the Act of May 19, 1887, P. L. 128, 18 PS § 2261, by proving that the intercourse was with her consent and that she "was not of good repute." He called several witnesses who testified the reputation of the prosecutrix for chastity was "very bad" in the neighborhood.

The only questions involved upon this appeal are whether the trial judge erred, (a) in permitting a witness, called by the Commonwealth in rebuttal, to testify she was a girl "of good character"; and (b) in failing to explain to the jury the distinction between *reputation* and *character* and to instruct them that appellant was not required, under the burden assumed by him, to show that the prosecutrix was actually immoral, but merely that she bore a bad reputation for chastity in the community.

"The meaning of the word 'repute' in the statute is not doubtful. It means the reputation of the person for chastity in the community in which she lives; that is, what she is reputed to be; not what she actually is,

and the burden put on the defendant was to show that the prosecuting witness bore a bad reputation ...... When it is said of one that she is of an immoral character that is understood to relate not to her reputation but to her conduct of life": *Com. v. Emery,* 51 Pa. Superior Ct. 55.

We had occasion in the recent case of *Com. v. San Juan et al.,* 129 Pa. Superior Ct. 179, 195 A. 433, to review the authorities pointing out the distinctions between evidence of the character of a prosecuting witness in a case of this nature and evidence of her reputation. What was there said need not be repeated.

It is not necessary in disposing of this appeal to review the testimony or the charge in detail. The position taken with eminent fairness by the trial judge in the opinion filed by him, under our Rule 58, relieves us of that duty. He there says, after reviewing the authorities, that the admission of the evidence complained of may not have been reversible error as it was not objected to by appellant's counsel, but with relation to the criticism of the charge, he continues:

"Unfortunately the trial judge stressed the testimony in his charge and perhaps failed adequately to define the term 'repute' for the jury. While counsel requested no amplification, we feel that defendant was prejudiced by an error of such nature. In a crime of so serious a nature, an error of such importance requires the grant of a new trial, even though no objection is taken, or no request for amplification of the charge is made."

The trial judge also states in his opinion that "upon reconsideration ...... [he] would grant a new trial if it were still within his power to do so," but deemed he was without jurisdiction to take that action by reason of the fact that the term during which the sentence was imposed had expired.

We concur in these views and are of opinion that the

interests of justice will be best served by adopting his suggestion that a new trial be directed.

Judgment reversed with a venire.