Commonwealth ex rel. Greenawalt, Appellant, *v.* Greenawalt.

Argued May 26, 1943. Before Maxey, C. J.; Drew, Linn, Stern, Patterson, Parker and Stearne, JJ.

*Edwin D. Strite,* with him *Edwin D. Strite, Jr.,* for appellant.

*John McD. Sharpe,* for appellee.

OPINION BY MR. JUSTICE DREW, June 30, 1943:

Appellant, Annie M. Greenawalt, a married woman, petitioned the court below under the Act of May 24, 1923, P. L. 446, for leave to issue execution and sell certain real estate held by her and her husband, Edward C. Greenawalt, as tenants by the entireties, for the purpose of enforcing a judgment previously entered in her favor on a support order. The learned court below dismissed the petition on the ground that the Act was unconstitutional since it applied to a tenancy by the entireties created before its effective date.

The property in question was conveyed to the parties as tenants by the entireties on April 2, 1923. The Act pursuant to which the petition was filed became effective on May 24 of that same year. The pertinent portion thereof reads (§1) : ". . . whenever a husband and wife shall hold real estate by entireties and the wife has heretofore secured or shall hereafter secure a sentence, order, or decree of court against her husband for the support of herself . . . and children . . . the order, decree or judgment shall be entered in the . . . court of common pleas as a judgment therein . . . and it shall be lawful to issue execution on such judgment against such real estate so held by entireties and to sell the same . . ." Subsequent sections provide that the proceeds of the sale shall be received by a court-appointed trustee, who after turning over to the wife her share thereof as determined by her proportionate contribution to the original purchase price, shall hold the husband's share and pay to the wife therefrom whatever is or shall in the future become due her under the order for support. Prior to the passage of this Act, property held by the entireties could be sold to enforce a support order under the Act of June 11, 1913, P. L. 468, but after the amount then due had been paid to the wife out of the proceeds of the sale, the balance was divided equally between the parties.

We do not agree that the Act of 1923, supra, is unconstitutional. It is a sound and well-settled principle of statutory construction that no law shall be construed to be retroactive unless clearly and manifestly so intended: *Painter v. B. & O. R. R. Co.*, 339 Pa. 271; *Farmers N. Bk & Tr. Co. v. Berks Co. R. E. Co.*, 333 Pa. 390, 393; *Taylor v. Mitchell*, 57 Pa. 209. Cf. Article IV, Section 56, of the Statutory Construction Act of May 28, 1937, P. L. 1019. Where the language of the statute is general, and might be given both retroactive and prospective operation, it will under this principle be held to be prospective only: *Horn & Brannen Co. v. Steelman*, 215 Pa. 187; *Sproul v. Standard Glass Co.*, 201 Pa. 103; *Peoples Fire Ins. Co. v. Hartshorne*, 84 Pa. 453. This rule is especially applicable where a retroactive construction will either destroy or impair vested rights, and includes a prohibition against laws which, while operating upon events taking place in the future, divest rights, particularly property rights, which were vested anterior to the time of the enactment of such law: Crawford on Statutory Construction, §278. Thus, in *Sproul v. Standard Glass Co.*, supra, the Act of April 29, 1874, P. L. 78, prescribed that no certificate of stock in a private corporation should be transferred so long as the holder thereof was indebted to the company, unless the board of directors consented thereto. The Act of June 24, 1895, P. L. 258, permitted the purchaser of stock under certain conditions to compel its transfer without the consent of the board of directors. In holding that the later act was inapplicable to a transfer after its effective date when the transferor had become indebted to the corporation prior thereto, we said, speaking through Mr. Justice MITCHELL (p. 110): "This raises first the consideration whether or not that provision of it is retroactive. There is no express provision to that effect nor is any such intent apparent in the language used. It is the ordinary legislative language in the future tense, certificates 'shall be transferable,' and the

purchaser 'shall have the right to compel a transfer,' etc. The general rule was forcibly stated by SHARS- WOOD, J., in *Taylor v. Mitchell,* 57 Pa. 209. 'There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless the lan- guage is so clear as to preclude all question as to the intention of the legislature.' The rights of the parties here were fixed before the passage of the Act of 1895. Whether those rights were such as affected the obliga- tion of the contract, or concerned the remedy only, which the legislature might constitutionally change, is not material. The present inquiry is not what the legislature might do but what it has done. As already said there is nothing apparent in the act to take it out of the gen- eral rule of construction that it is prospective only. It is therefore not necessary to consider the question so elaborately argued in the court below and here, of its constitutionality."

In the instant case, the language of the Act of 1923, authorizing the sale of realty "whenever a husband and wife shall hold real estate by entireties", is of general scope and might refer to any property so held after the passage of the Act, regardless of when it was acquired. There being no clear and specific expression on the part of the legislature indicating an intent to apply it retro- actively to tenancies created before its effective date, it must, under the principle above stated, be given pros- pective application only. Hence it does not apply to a tenancy already in existence at the time of its passage.

We accordingly conclude that this Act is not retro- active and that appellant cannot avail herself of the remedy afforded by it. It so happens that our conclu- sion is the same as that reached by the court below, but for a different reason. The decree dismissing the petition must be affirmed.

Decree affirmed.