Commonwealth *v.* Kauffman, Appellant.

Argued September 11, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Russell Griest*, with him *Anstine & Griest*, for appellant.

*Robert O. Beers*, with him *Anderson, Ports, May, Beers & Blakey*, for appellee.

*D. Shoemaker*, District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, J., November 15, 1962:

This appeal involves a petition to reduce a support order made for the wife alone.

On May 3, 1948, pursuant to an agreement in writing signed by both parties, the court below ordered the appellant to pay $100.00 per week for the support of his wife and two children. Subsequently the children were removed from the order. On August 31, 1957 the court below ordered the appellant to pay the sum of $400.00 per month for the support of his wife, B. Catherine Kauffman.

On November 30, 1959, pursuant to a petition theretofore filed, seeking a decrease in the order, the court below reduced the order to $4,500.00 a year, payable

in twelve monthly instalments. At that time President Judge ANDERSON stated: "Well of course Mrs. Kauffman, as I understand the testimony, is receiving absolutely nothing from this alleged inheritance, although she will at some future date as I understand it, and under all of these circumstances I just don't see that there is any substantial reduction merited here. I realize that Mr. Kauffman hasn't been particularly well, but I don't feel that you have met the burden of proof that is imposed upon you in the situation, Mr. Cassimatis. If you had proved, as I thought you were going to when you started out, that Mrs. Kauffman now has substantial income from some other source, I certainly would have taken that into consideration but that hasn't been proved at all. I think I will do this, which I am inclined to do because of the fact I do understand that Mr. Kauffman's health has not been good and he apparently has no actual income except from dividends, but certainly has ample funds with which to pay a substantial amount to support his wife, and also taking into consideration the fact that he is paying the taxes on this property, that his wife is living in it and it is jointly owned, I am going to reduce the order to a total of $4500 a year, payable in 12 monthly installments." On August 14, 1961 a petition for reduction of the order was filed. On January 11, 1962 the court below filed an order providing for the payment of the sum of $300.00 per month for the support of the wife. The husband, Clair S. Kauffman, appealed.

We are concerned primarily with any change in conditions occurring between November 30, 1959 and January 11, 1962, the date of the last order.

At the time of the hearing the appellant was 64 years of age and his wife was 60 years of age. The appellant's health had deteriorated. His doctor testified

that he has emphysema with pulmonary insufficiency, bronchial asthma, which is chronic, and he has right side heart failure, which affects the appellant's ability to do physical acts. At the present time he has assets worth approximately $250,000. The wife still resides in real estate owned by the entireties, rent free. At the time of the original order in 1948 appellant's gross income was $17,838.25, of which Penn Veneer Co., Inc. paid an $8,100.00 salary. Appellant has not received a salary or dividend from Penn Veneer Co., Inc., his solely owned corporation, since 1954. This corporation has shown a net loss for the years ending June 30, 1956, 1957, 1958, 1959, 1960 and 1961.

Appellant had $7,207.19 gross income in 1959 and $7,926.64 in 1960.

On July 11, 1961 the wife inherited a diamond ring valued at $750.00; she received $43,000 in cash for services rendered a decedent, Mathias Reigart; she received one-third of the income from a $232,751.60 trust fund held by the York Bank and Trust Company; cash income in the amount of $5,624.27 accumulated from said trust; she will receive 4¼ to 4½ per cent. annual net income from her share of the above mentioned trust. She established a revocable inter vivos trust with the National Bank of York County which had a principal balance at the hearing date of $41,924.39. This fund during this last year earned around $1,800.00 net income. Summarizing the above, at the time of the hearing the wife had income from the above trust of approximately $3,491.27

From the inter vivos revocable trust created by her 1,800.00

4½% on the $43,000.00 cash awarded to her from the estate of Mathias Reigart, at 4½% the net annual income would amount to 1,935.00

| Separate dividend income, per year, | 1,600.00 |
|---|---|
| Total annual income | $8,826.27 |

Most of the improvement in the wife's income has occurred between November 30, 1959 and January 11, 1962.

It is well settled in our law that the fact that a wife has income will not deprive her of the right to support: *Com. ex rel. Volinski v. Volinski*, 180 Pa. Superior Ct. 348, 350, 119 A. 2d 648. The wife's separate income, however, is one of the relevant circumstances to be considered in fixing the amount of an order: *Com. ex rel. Martocello v. Martocello*, 148 Pa. Superior Ct. 40, 46, 24 A. 2d 712; *Com. ex rel. Barnes v. Barnes*, 151 Pa. Superior Ct. 202, 30 A. 2d 437.

After considering all the factors in this case, we are of the opinion that the order should be reduced to the amount of $150.00 per month and as so modified the order is affirmed.