## Commonwealth *v.* Collin, Appellant.

Submitted November 16, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Bernard J. Hessley,* and *Joseph A. Massa, Jr.,* Public Defender, for appellant.

*James C. Blackman,* Assistant District Attorney, and *Samuel F. Bonavita,* District Attorney, for Commonwealth, appellee.

OPINION BY PRICE, J., March 31, 1975:

Bradley Stan Collin, appellant, was convicted of fornication and corrupting the morals of a minor, following a jury trial on October 18, 1973. He was acquitted of statutory rape. On December 14, 1973, appellant was sentenced to pay a fine of $100.00 on the fornication conviction, and to 1½-3 years in the State Correctional Institution at Rockview for corrupting the morals of a minor. This appeal follows the denial of appellant's motions for new trial and in arrest of judgment.

The facts reveal that a fourteen-year-old girl was reported missing on May 22, 23 and 24, 1973. On May 25, 1973, the girl was located and placed in the juvenile detention facilities of the Warren County jail. Four days later, she made a voluntary statement to a deputy sheriff, indicating that she had stayed with appellant during the period of May 22-24, 1973, and that she had engaged in sexual intercourse with him during that time. On the basis of this information, appellant was indicted on charges of statutory rape[1] and corrupting the morals of a minor.[2]

At trial, appellant admitted the act of intercourse, but testified that he had been unaware of the girl's exact age. He also attempted to show that the girl had had intercourse with others before May 22, 1973. However, the trial judge refused to allow cross-examination of the victim to substantiate the prior acts of intercourse suggested by appellant.

---

1. Act of June 24, 1939, P.L. 872, §721, *as amended* (18 P.S. §4721), *repealed* Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §3122).

2. Act of June 24, 1939, P.L. 872, §532, *as amended* (18 P.S. §4532), *repealed* Act of Dec. 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §3125).

Appellant alleges that the refusal constitutes reversible error in that it denied him a fair trial by taking away a statutory defense[3] which he would have been able to pursue had he been charged with corrupting a minor under the new Crimes Code.[4] Appellant cites no authority to support his belief that he was subjected to unjust treatment because the lower court refused to apply the 1972 Crimes Code provisions to a violation of the 1939 Penal Code.

To determine whether the lower court was correct in its refusal, we look first to the Statutory Construction Act, Act of May 28, 1937, P.L. 1019, art. IV, §56 (46 P.S. §556), which provides: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the Legislature." The instant statute contains no indication that the defense should be applied retroactively.

Section 56 of the Statutory Construction Act has been recognized in several appellate cases. The case most similar to the instant appeal is *Commonwealth v. Griffin,* 189 Pa. Superior Ct. 59, 149 A.2d 656, *cert. denied,* 365 U.S. 838 (1959). *Griffin* involved the admission into evidence of tape recorded telephone conversations. Some time after the trial, but before sentence, the interception of telephone communications without the consent of the parties was made illegal. Griffin contended that the court had no power to sentence him because the law had changed.

The *Griffin* court did not agree with the appellant's contentions. Instead, the court noted: "The invariable rule is that a statute operates prospectively unless the

3. Act of December 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §3104): "It is a defense to prosecution under section 3125 of this title (relating to corruption of minors) and section 3126(5) of this title (relating to indecent assault) for the actor to prove by a preponderance of the evidence that the alleged victim had, prior to the time of the offense charged, engaged promiscuously in sexual relations with others."

4. Act of December 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §3125).

act specifically or otherwise, indicates a 'clear and manifest intent of the legislature' to give it a retroactive effect. *Creighan v. Pittsburgh*, 389 Pa. 569, 132 A.2d 867; *Com. ex rel. Greenawalt v. Greenawalt*, 347 Pa. 510, 32 A.2d 757; *Painter v. B. & O. R.R. Co.*, 339 Pa. 271, 13 A.2d 396. In *Taylor v. Mitchell*, 57 Pa. 209, our Supreme Court, in referring to this established rule, said: "There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all question as to the intention of the legislature. . . .' " 189 Pa. Superior Ct. at 62, 149 A.2d at 658. *Cf. Glancey v. Casey*, 447 Pa. 77, 288 A.2d 812 (1972); *Regan v. Davis*, 290 Pa. 167, 138 A. 751 (1927).

Moreover, the court stated: "The evidence secured by wire tapping was relevant and was admissible when received in evidence during the trial of these cases and at the time in May 1957 when the defendant was convicted. *An Act which fixes a future day as to its effective date stamps its prospective character upon its face. Dewart v. Purdy, 29 Pa. 113. Cf. Shultze v. Diehl, 2 P.&W. 273.*" [Emphasis added] 189 Pa. Superior Ct. at 62, 149 A.2d at 658.

In the instant case, the lower court correctly refused the cross-examination requested by appellant. Questions related to prior specific acts of intercourse are not relevant to a charge of statutory rape under the 1939 Penal Code, and proof that the victim is not chaste must be established by her general reputation in the community. *Commonwealth v. Sutton*, 171 Pa. Superior Ct. 105, 90 A.2d 264 (1952); *Commonwealth v. San Juan*, 129 Pa. Superior Ct. 179, 195 A. 433 (1937).[5]

---

5. Section 3104 of the Act of December 6, 1972, P.L. 1482, No. 334, §1, does not permit proof of promiscuous conduct as a defense to statutory rape. Therefore, such testimony would have been inadmissible even had appellant been charged with statutory rape under the new Crimes Code.

Specific acts of intercourse are likewise irrelevant to the charge of corrupting the morals of a minor. The Act of 1939, at §532 (18 P.S. §4532), states that anyone who "aids, abets, entices, or encourages any child in the commission of any crime" is guilty of corrupting. Having admitted the illegal act of intercourse with the complainant, appellant cannot now contend that he does not fall within the language of §4532.

In discussing the import of §4532, this court has stated: ". . . The section of the Code forbids any act by an adult which tends to or actually does corrupt the morals of a child. The terms of the proscription are clear; no adult may with impunity engage in conduct with a minor which has the effect of corrupting the morals of the child; and it could not be argued persuasively that the acts charged here did not fall within the category of conduct which the law forbids. Whether the child consented to, or even solicited the advances which affected her morals, is of no moment . . . . [A]n enlightened legislature of this Commonwealth has recognized that the inexperience of youth prevent [sic] intelligent judgment in matters of morality. It has therefore removed children from the area of responsibility for their own fault within the purview of the above section of The Penal Code and has placed the guardianship of their morality upon adults. Thus, any depraved adult who participates in the corruption of children must do so at his own risk. . . ." *Commonwealth v. Blauvelt*, 186 Pa. Superior Ct. 66, 73, 140 A.2d 463, 467 (1958).

Judgment affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:

Appellant contends that the trial court erred in disallowing cross-examination of the minor-prosecutrix as to prior specific acts of sexual intercourse with men other than appellant. Appellant attempted to present testimony

of such acts of promiscuous intercourse as a defense to charges of statutory rape and of corrupting the morals of a minor.

In May of 1973, the mother of the prosecutrix reported her fourteen-year-old daughter as missing to the Warren County Sheriff's Office. On May 25, the Warren County Police located the juvenile and turned her over to the county probation office. On May 29, while detained in the county juvenile detention center, the juvenile told a female Sheriff that she had been staying with the appellant in his mobile home during her absence from her own home and that she had engaged in sexual intercourse with him during that time.

Thereafter, on May 30, 1973, the appellant was arrested and arraigned on charges of statutory rape and of corrupting the morals of a minor. The grand jury returned a true bill on all charges against the appellant on October 1, 1973. On October 18, 1973, appellant was tried by a jury.

At trial, the appellant attempted to cross-examine the witness concerning her prior acts of sexual intercourse with other men. The trial court ruled that such testimony was inadmissible. Subsequently, the appellant took the stand in his own behalf and admitted the acts of sexual intercourse with the prosecutrix. He attempted to defend on the ground that he was unaware of the juvenile's true age.

The jury acquitted the appellant of statutory rape, but found him guilty of fornication, a lesser included offense, and of corrupting the morals of a minor. On December 14, 1973, appellant was sentenced to serve one and one-half to three years on the charge of corrupting the morals of the minor and to pay a $100.00 fine on the charge of fornication. Appellant's motions in arrest of judgment and for a new trial were denied by the court below on November 21, 1973. This appeal followed the order of the court denying those motions.

The trial court in its opinion rejected the appellant's contention that he should have been allowed to introduce evidence that the prosecutrix had engaged in promiscuous intercourse because "[t]he statutory rape charge may be reduced to fornication if the jury believes the victim to be of bad repute in the community . . ." The reference is to the section of the old Crimes Code that defined "Rape" and set up defenses to that charge.[1] A long line of cases decided under that statute has held that "[t]he meaning of the word 'repute' in the statute is not doubtful. It means the reputation of the person for chastity in the community in which she lives: that is, what she is reputed to be; not what she actually is . . ." *Commonwealth v. Emery,* 51 Pa. Superior Ct. 55, 58 (1912). See e.g., *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A. 2d 441 (1959) ; *Commonwealth v. Dulacy,* 204 Pa. Superior Ct. 475, 205 A. 2d 706 (1964) ; *Commonwealth v. Kauffman,* 199 Pa. Superior Ct. 375, 185 A. 2d 799 (1962) ; *Commonwealth v. Sutton,* 171 Pa. Superior Ct. 105, 90 A. 2d 264 (1952) ; *Commonwealth v. Wink,* 170 Pa. Superior Ct. 96, 84 A. 2d 398 (1951) ; *Commonwealth v. San Juan,* 129 Pa. Superior Ct. 179, 195 A. 433 (1937) ; *Commonwealth v. Kester,* 58 Pa. Superior Ct. 509 (1914) ; *Commonwealth v. Howe,* 35 Pa. Superior Ct. 554 (1908).

The principle was enunciated at common law early in the legal history of the Commonwealth. See *Kimmel v. Kimmel,* 3 S. & R. 336 (1817). It was codified at least as early as 1887[2] as an element in the defense to the crime of forcible rape. Despite the longevity of the rule, that a party may prove character only by reputation in the community has been criticized as "illogical, unscientific, and anomalous, explainable only as archaic survivals of

---

1. Act of June 24, 1939, P.L. 872, §721, 18 P.S. §4721, repealed by Act of December 6, 1972, P.L. 1482, No. 334, effective June 6, 1973.

2. Act of May 19, 1887, P.L. 128, §1.

compurgation or of states of legal development when the jury personally knew the facts on which their verdict was based." 32 C.J.S. Evidence §433. Cf. *Michelson v. United States,* 335 U.S. 469, 474 n. 5 (1948), which upholds the rule for use in the federal courts, but which also discusses the limitations of the rule.[3] The origin of the doctrine according to Professor Wigmore was grounded in a misreading of legal history. 7 Wigmore Evidence §§1981, 1982 (3d ed. 1940).

In the instant case, despite the questionable nature of the rule, the trial judge was correct that the appellant could not introduce evidence of specific acts of misconduct as a defense to the charge of statutory rape. The appellant's contention, however, is that he was entitled to present evidence of promiscuous sexual intercourse as a defense to the charge of corruption of the morals of a minor, whether or not that evidence was admissible on the statutory rape charge. Because of serious doubt concerning the wisdom of the reputation rule, I am hesitant to extend the rule if not required by statute or by precedent.

The lower court stated that "[a] Defendant cannot exonerate himself on a charge of corrupting by simply showing that the victim was already specifically corrupted by others." The court does not cite any authority for that proposition. The court does cite *Commonwealth v. Blauvelt,* 186 Pa. Superior Ct. 66, 140 A. 2d 463 (1958), for the idea that a minor cannot consent when the charge is corruption of the morals of a minor. The appellant in

---

3. See also, McCormick, *Evidence* §44 at p. 91: ". . . the question is whether the choice of reputation instead of experience and observation has not eliminated most of the objectivity from the attempt to appraise character, and has not encouraged the parties to select those who will give voice, under the guise of an estimate of reputation, to prejudice and ill-will. The hand is the hand of Esau, but the voice is the voice of Jacob. And, in addition, reputation in modern, impersonal urban centers is often evanescent, fragile, or actually non-existent."

the present case, however, does not attempt to prove consent, but rather advances the theory that the juvenile's morals were already corrupted so that his actions did not contribute thereto. Thus while there are copious citations to cases decided under §4721 in which testimony was limited to the reputation of the prosecutrix, I have been able to find no cases that have applied that rule to cases wherein the charge was corruption of the morals of a minor.[4]

Hence the case is one of first impression in this Court. It is significant to note that under the new Crimes Code[5] specific acts of prior promiscuous intercourse are admissible in defense to a charge of corruption of the morals of a minor. Section 3104 provides that "It is a defense to prosecution under section 3125 of this title (relating to corruption of minors) ... for the actor to prove by a preponderance of the evidence that the alleged victim had, prior to the time of the offense charged, engaged promiscuously in sexual relations with others." The statute is not controlling in the instant case because the offense occurred in May of 1973.

There is a persuasive rationale for the rule permitting proof of specific acts. Inherent in the meaning of the terms "corruption" and "morals" is the idea that there is an innocent victim who is capable of being led astray. At some point, a child is sufficiently corrupt, and in turn, capable of corrupting others that to hold the participating adult criminally liable becomes a perversion of justice

---

4. In *Commonwealth v. Wink,* supra, the appellant was charged with both contributing to the delinquency of a minor and statutory rape. The Court reiterated the rule that under §4721 only evidence of reputation, not of specific acts, was admissible in defense to the charge of rape. The conviction for contributing to the delinquency of the minor was reversed; the issue of whether specific acts were admissible as relevant to the contributing charge was not discussed.

5. Act of December 6, 1972, P.L. 1482, No. 334, §1 et seq., 18 Pa. C.S. §101 et seq.

and fairness.[6] The Comment to the Model Penal Code, the basis for the new Code in Pennsylvania, supports the idea that a minor may have already been so corrupted that any further act by an adult cannot fairly be considered a "corrupting" influence on an "innocent" victim. "Previous sexual experience ... might betoken previous victimization, which should not be a defense to a subsequent victimizer. *However, one can envision cases of precocious 14-year-old girls and even prostitutes of this age who might themselves be the victimizers.* Accordingly the draft which, while rejecting the concepts of 'virtue', 'chastity' or 'good repute', permits the defense that the ... [alleged victim engaged] in promiscuous sex relations." Model Penal Code, Comment to §213.6, T.D. No. 4, p. 254 (emphasis added).

Thus this Court is not compelled by precedent to apply a rule of questionable fairness to the instant case. Further, the Legislature has recently rejected the course that

---

6. I can recall several instances from my own experience as a presiding judge in Philadelphia Juvenile Court that underscore the injustice possible when a defendant charged with corrupting the morals of a minor cannot prove the prior corruption of the juvenile as a defense. In one instance, as a committing magistrate, I was compelled to hold for action by the grand jury a young man who engaged in sexual intercourse with a 15-year-old female. She had been a prostitute for at least two years prior to the offense. Similarly, several individuals were held for action by the grand jury on charges of corruption of the morals of a minor in an instance in which the female juvenile admitted to performing over 2000 acts of intercourse. Another example that comes to mind involved a 19-year-old youth who was charged with corrupting the morals of a minor and with theft. The youth entered a store with a 16-year-old friend who had a history of arrests for shoplifting that dated back at least five years. (The critical age of the juvenile under §4532 of the old code was eighteen years of age.) See also, Ploscowe, *Sex and the Law,* 181, 182, 194 (1951). The author recounts a case that involved two juvenile prostitutes operating out of a New York hotel. The activity of the two females resulted in charges of statutory rape and related offenses brought against eleven men.

the Majority now takes. The Majority's decision deprives the appellant the opportunity to introduce evidence highly relevant to and probative of a critical element of the offense with which he has been charged. Because specific acts of promiscuous sexual intercourse would have been probative on the charge of corrupting the morals of a minor, the order of the court below should be reversed and the case remanded for a new trial.

SPAETH, J., joins in this dissenting opinion.