J-S17029-22

2022 PA Super 193

IN THE INTEREST OF: J.C.       :    IN THE SUPERIOR COURT OF
                                       :            PENNSYLVANIA
                                         :

       APPEAL OF: J.C.              : 
                                         :
                                         :
                                         :
                                         :
                                         :
                                         :    No. 2114 EDA 2021

Appeal from the Order Entered August 19, 2021
In the Court of Common Pleas of Monroe County Juvenile Division at
No(s): CP-45-JV-0000171-2019

BEFORE: BOWES, J., LAZARUS, J., and STABILE, J.

OPINION BY LAZARUS, J.:                      **FILED NOVEMBER 17, 2022**

J.C. appeals from the dispositional order, entered in the Court of Common Pleas of Monroe County, after J.C. made an admission to the crime of corruption of minors (COM)[1] and was placed on one year of probation. Because a "child," as defined by the Juvenile Act,[2] is incapable of committing a crime that applies only to adult perpetrators, we are constrained to vacate and reverse.

On August 17, 2019, Officer John P. Bohman, of the Pocono Mountain Regional Police Department, executed an affidavit of probable cause seeking

---

[1] 18 Pa.C.S.A. § 6301(a)(1)(i).

[2] *See* 42 Pa.C.S.A. §§ 6301, *et seq*.

an arrest warrant for then-fifteen-year-old J.C. (born 4/04).[3] The affidavit alleged that J.C. had committed the delinquent acts of aggravated indecent assault without consent,[4] indecent assault without consent of other,[5] and open lewdness.[6] The allegations stemmed from accusations made by A.A., a 14-year-old fellow high school classmate of J.C.'s. A.A. alleged that on May 8, 2019, J.C. touched her breasts and digitally penetrated her vagina without her consent while the two were riding on an after-school bus. Alleged video surveillance from the bus, on the date in question, was erased by the school district during a software update.[7]

A.A. reported the incident to the principal of her high school, who then contacted the school's dean of students (Dean) and directed the Dean to meet with A.A. N.T. Suppression Hearing, 6/12/20, at 12-13. The Dean met with A.A., who detailed the events that occurred on the school bus, telling him that J.C. had "touched her in inappropriate and unwanted ways." *Id.* at 13, 23.

---

[3] For confidentiality reasons, we do not provide the exact birthdate of a minor. *See* Superior Court Internal Operating Procedure 424(A) (confidentiality issues regarding identification of minors in circulating Court decisions).

[4] 18 Pa.C.S. § 3125(A)(1).

[5] *Id.* at § 3126(A)(1).

[6] *Id.* at § 5901.

[7] The Dean of Students at J.C. and A.A.'s high school testified he viewed the video footage from the bus on the day of the alleged incident. N.T. Suppression Hearing, 6/12/20, at 23.

The Dean then met[8] with J.C., in the presence of the school's assistant principal, to determine whether J.C.'s conduct violated school policy. *Id.* at 13-16. In addition to giving an oral recitation of what occurred between him and A.A. on the bus, J.C. also gave a written statement wherein he admitted to the alleged acts, but claimed that A.C. gave her consent. *Id.* at 15-16. Prior to giving his statements, J.C.'s parents were not notified and J.C. was not administered his *Miranda*[9] rights. Following his investigation, the Dean concluded that a possible crime had been committed and contacted the school's resource officer to report the alleged incident. *Id.* at 20-21.

On January 2, 2020, the Monroe County District Attorney's Office filed a petition alleging J.C.'s delinquency for the above-stated offenses. On February 18, 2020, J.C. filed a motion to suppress his oral and written statements, claiming he had been subjected to a custodial interrogation without first being advised of his *Miranda* rights or given an opportunity to speak with his parents. Following a hearing, the trial judge denied the suppression motion finding: (1) the school officials alone initiated the investigation of J.C.; (2) the purpose of questioning J.C. was primarily to determine whether a violation of school policy had occurred; and (3) the police

_____

[8] The meeting took place in the assistant principal's office. *Id.* at 17. However, at the conclusion of the meeting, J.C. completed a Major Behavioral Referral (Form), at the behest of the Dean, in the Dean's office. The Form, signed by a school district official and the student, details the infraction and is entered into the school's disciplinary system. Carbon copies are mailed to the student's family. *Id.* at 31-34.

[9] *Miranda v. Arizona*, 384 U.S. 436 (1966).

- 3 -

neither participated in, coerced, dominated, or directed the school officials' actions. **See** Order Denying Suppression Motion, 9/22/20, at 2. On July 1, 2021,[10] J.C. filed a motion for dismissal, claiming that the Commonwealth's failure to provide the video surveillance was a **Brady**[11] violation warranting dismissal of his case, with prejudice.

On July 7, 2021, J.C. executed a four-page written "admission colloquy form," admitting to COM, a first-degree misdemeanor. **See** Pa.R.J.C.P. 407. After an adjudicatory hearing, during which the court conducted an oral colloquy, the court accepted J.C.'s admission,[12] finding that it was voluntarily

---

[10] Several continuances were granted, thus delaying J.C.'s adjudication. In particular, J.C. requested continuances due to the resurgence of COVID-19 in New York City, where he and his parents reside, his counsel's inability to schedule interviews due to "interstate travel protocols and . . . counsel's personal concerns about being at higher risk from COVID-19 due to being a sufferer of asthma," and J.C.'s mother's contraction of COVID-19. Motion for Continuance, 10/29/20, at ¶¶ 3-4. **See also id.**, 11/30/20, at ¶ 4 (defense requesting continuance due to J.C. contracting COVID-19); **id.**, 4/28/21, at ¶ 3 (continuance requested due to counsel contracting COVID-19). **See also** Commonwealth's Motion to Continue, 2/22/21 at ¶ 4 (Commonwealth noting it was unable to contact A.A. or her family, who were necessary witnesses at adjudicatory hearing).

[11] **See Brady v. Maryland**, 373 U.S. 83, 87 (1963) (holding "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

[12] Pursuant to Pennsylvania Rule of Juvenile Court Procedure:

> (a) Before the court can accept an admission, the court shall determine that the admission is knowingly, intelligently, and voluntarily made.

*(Footnote Continued Next Page)*

made. *See* N.T. Adjudicatory Hearing, 7/7/21, at 18-28. In exchange for

J.C.'s admission, the Commonwealth agreed to *nolle prosse* all other charges.

The juvenile court ordered a Social Study Report be prepared pursuant to

Pa.R.J.C.P. 513(A). *See* Pa.R.J.C.P. 120 (defining social study as "pre-

dispositional report, which summarizes important information concerning the

juvenile to aid the court in determining the disposition"). On August 19, 2021,

following a dispositional hearing, J.C. was adjudicated delinquent and ordered

to serve one year of probation[13] and complete the following: (1) perform 50

hours of community service; (2) provide a DNA sample and fingerprints; and

_____

(b) As a part of this determination, the court shall ensure:

(i) an attorney has reviewed and completed the admission colloquy with the juvenile pursuant to paragraph C; and

(ii) **there is a factual basis for the admission**.

Pa.R.J.C.P. 407(1)(a-b) (emphasis added). Here, the court stated the following as the factual basis for J.C.'s admission: "**this juvenile**[, J.C.,] and another juvenile[, A.A.,] were on a bus and there was sexual contact, which the victim[, A.A.,] indicated [] was unwanted." N.T. Adjudicatory Hearing, 7/7/21, at 28 (emphasis added). We note that the juvenile was never initially alleged to have been delinquent of COM, but, rather, was alleged to have been delinquent of the above-enumerated offenses. *See supra* at 2. However, the Commonwealth later stated on the record that it was not moving on those initial offenses, but was amending the delinquency petition to include COM. *See* N.T. Adjudicatory Hearing, 7/7/21, at 30-31.

[13] J.C.'s probation was transferred to Kings County, New York, where his parents reside.

- 5 -

(3) undergo a Sexual Offender Evaluation. The court further denied J.C.'s motion to dismiss.[14]

On August 30, 2021, J.C. filed a post-dispositional motion objecting to the Sexual Offender Evaluation he was ordered to complete, the DNA sample he was required to produce, and alleging a **Brady** violation due to the failure to preserve the school bus surveillance video. **See** Pa.R.J.C.P. 620. The motion was denied on September 17, 2021, following a hearing.

J.C. filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. J.C. presents the following issues for our consideration:

(1) Whether the [j]uvenile [c]ourt abused its discretion in denying [J.C.'s] motion to suppress statement, where [J.C.] was a minor questioned by a school official who[,] while acting as an agent of the police, failed to administer **Miranda** warnings and contact [J.C.'s] parents prior to conducting a coercive custodial interrogation, in violation of [J.C.'s] constitutional rights against self[-]incrimination and to have counsel present during questioning, respectively[,] under the Fifth and Sixth Amendments to the United States Constitution, and Article [I], Section 9[,] of the Pennsylvania State Constitution[.[15]]

---

[14] In his post-dispositional motion, J.C. states that he withdrew his motion to dismiss. **See** Post-Dispositional Motion, 8/30/21, at ¶ 9.

[15] We note that because the filing of post-dispositional motions in juvenile matters is optional, J.C. has not waived his claim regarding the failure to suppress his pre-adjudication statement under **Miranda**, where he filed a pre-adjudicatory suppression motion and also included it in his Pa.R.A.P. 1925(b) statement. **See** Pa.R.J.C.P. 620, Comment ("When properly raised before or during a hearing, a claim will be deemed preserved for appeal and the party
*(Footnote Continued Next Page)*

(2)     Whether the [j]uvenile [c]ourt abused its discretion in denying [J.C.'s] post[-]dispositional motion to vacate his guilty plea to [COM], which was a manifest injustice, where the Commonwealth failed to preserve video of the alleged incident, thereby prejudicing [J.C.'s] right to due process[.]

(3)     Whether the [j]uvenile [c]ourt abused its discretion in ordering that [J.C.] undergo a sexual evaluation, where the juvenile was not adjudicated delinquent for [a] sexually[-]related felony or misdemeanor offense[.]

(4)     Whether the [j]uvenile [c]ourt abused its discretion in ordering that a DNA sample be drawn from [J.C.] by law enforcement, where [J.C.] was not convicted of a felony offense, or the misdemeanor offenses of luring a child into a motor vehicle, 18 Pa.C.S.A. [§] 2910, or indecent assault, 18 Pa.C.S.A. [§] 3125[.]

Juvenile's Brief, at 5 (bold and italics added).

Before we review J.C.'s claims, we *sua sponte* raise the issue of the legality of his disposition based on whether the offense for which he was adjudicated delinquent is a delinquent act within the jurisdiction of the juvenile court. **See Commonwealth v. Edrington**, 780 A.2d 721, 723 (Pa. Super. 2001) (challenge to legality of sentence is non-waivable that court can raise and address *sua sponte*); **see also In re J.A.**, 107 A.3d 799, 809 n.11 (Pa. Super. 2015) (questions of jurisdiction may be raised *sua sponte*) (citation omitted).

_____

need not file a post-dispositional motion solely for the purpose of preservation."); **see**, **e.g.**, **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998) (any issues not raised in Rule 1925(b) statement will be deemed waived). However, in light of our disposition, discussed **infra**, we need not address this claim.

- 7 -

Our legislature has created a separate legal system for the adjudication of juvenile offenders. *In re Huff*, 582 A.2d 1093, 1098 (Pa. Super. 1990); *see also* 42 Pa.C.S § 6301(b)(2) (purpose of Juvenile Act is "to provide for **children committing delinquent acts** programs of supervision, care and rehabilitation[,] which provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable children to become responsible and productive members of the community") (emphasis added).

The Juvenile Act (Act) grants jurisdiction to the juvenile court over proceedings in which a child is alleged to be delinquent or dependent. *Id.* at § 6303. *See Commonwealth v. J.H.B.*, 760 A.2d 27, 30 (Pa. Super. 2000) ("The Juvenile Act . . . 'encompasses the entire statutory scope of authority and discretion of the juvenile court to exercise jurisdiction over children as defined by the act.'"). In order to adjudicate a child delinquent, the juvenile court[16] must (1) determine that the juvenile **has committed a delinquent act** and (2) determine that the juvenile requires treatment, supervision, or rehabilitation. *See In the Interest of M.W.*, 39 A.3d 958 (Pa. 2012). A determination that a child has committed a delinquent act does not, on its own, warrant an adjudication of delinquency. *See id.*

The Act defines a "Child" as "[a]n individual who":

---

[16] Notably, the Juvenile Court loses jurisdiction over an individual when they attain the age of majority. *See Commonwealth v. Taylor*, 230 A.2d 1050, 1060 (Pa. 2020), citing *In re Jones*, 246 A.2d 356, 363 n.5 (Pa. 1968).

(1) is **under the age of 18 years**;

(2) is under the age of 21 years who committed an act of delinquency before reaching the age of 18 years; or

(3) is under the age of 21 years and was adjudicated dependent before reaching the age of 18 years, who has requested the court to retain jurisdiction and who remains under the jurisdiction of the court as a dependent child because the court has determined that the child is:

> (i) completing secondary education or an equivalent credential;

> (ii) enrolled in an institution which provides postsecondary or vocational education;

> (iii) participating in a program actively designed to promote or remove barriers to employment;

> (iv) employed for at least 80 hours per month; or

> (v) incapable of doing any of the activities described in subparagraph (i), (ii), (iii) or (iv) due to a medical or behavioral health condition, which is supported by regularly updated information in the permanency plan of the child.

*Id.* at § 6302 (emphasis added). Additionally, the Act defines a "Delinquent Act" as:

(1) [**A**]**n act designated a crime under the law of this Commonwealth**, or of another state if the act occurred in that state, or under Federal law, or an act which constitutes indirect criminal contempt under Ch. 62A (relating to protection of victims of sexual violence or intimidation) with respect to sexual violence or 23 Pa.C.S. Ch. 61 (relating to protection from abuse) or the failure of a child to comply with a lawful sentence imposed for a summary offense, in which event notice of the fact shall be certified to the court.

(2) The term shall **not** include:

> (i) The crime of murder.

> (ii) Any of the following prohibited conduct where the child was 15 years of age or older at the time of the alleged

conduct **and** a deadly weapon as defined in 18 Pa.C.S. § 2301 (relating to definitions) was used during the commission of the offense which, if committed by an adult, would be classified as:

(A) Rape as defined in 18 Pa.C.S. § 3121 (relating to rape).

(B) Involuntary deviate sexual intercourse as defined in 18 Pa.C.S. § 3123 (relating to involuntary deviate sexual intercourse).

(C) Aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault).

(D) Robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery).

(E) Robbery of motor vehicle as defined in 18 Pa.C.S. § 3702 (relating to robbery of motor vehicle).

(F) Aggravated indecent assault as defined in 18 Pa.C.S. § 3125 (relating to aggravated indecent assault).

(G) Kidnapping as defined in 18 Pa.C.S. § 2901 (relating to kidnapping).

(H) Voluntary manslaughter.

(I) An attempt, conspiracy or solicitation to commit murder or any of these crimes as provided in 18 Pa.C.S. § 901 (relating to criminal attempt), 902 (relating to criminal solicitation) and 903 (relating to criminal conspiracy).

(iii) Any of the following prohibited conduct where the child was 15 years of age or older at the time of the alleged conduct **and** has been previously adjudicated delinquent of any of the following prohibited conduct which, if committed by an adult, would be classified as:

(A) Rape as defined in 18 Pa.C.S. § 3121.

(B) Involuntary deviate sexual intercourse as defined in 18 Pa.C.S. § 3123.

- 10 -

(C) Robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii).

(D) Robbery of motor vehicle as defined in 18 Pa.C.S. § 3702.

(E) Aggravated indecent assault as defined in 18 Pa.C.S. § 3125.

(F) Kidnapping as defined in 18 Pa.C.S. § 2901.

(G) Voluntary manslaughter.

(H) An attempt, conspiracy or solicitation to commit murder or any of these crimes as provided in 18 Pa.C.S. § 901, 902 and 903.

(iv) Summary offenses.

(v) A crime committed by a child who has been found guilty in a criminal proceeding for [something] other than a summary offense.

42 Pa.C.S. § 6302 (emphasis added). *See Commonwealth v. Ramos*, 920 A.2d 1253, 1258 (Pa. 2007) (enumerated section 6302 crimes deemed so heinous that they are not considered delinquent acts under statute and are appropriately filed with criminal court where exclusive jurisdiction vests and is presumptively proper).

Instantly, J.C. entered an admission to COM, in violation of 18 Pa.C.S. § 6301(a)(1)(i), "an act designated a crime under the laws of this Commonwealth." 42 Pa.C.S. § 6302(1). In order to sustain a misdemeanor conviction for COM, the Commonwealth must prove:

(a) Offense defined.

(1) (i) Except as provided in subparagraph (ii), **whoever, being of the age of 18 years and upwards**, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or

encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, commits a misdemeanor of the first degree.

18 Pa.C.S. § 6301(a)(1)(i) (emphasis added).

Statutes like section 6301 are designed to cover a broad range of conduct in order to safeguard the welfare and security of our children, "plac[ing] the guardianship of their morality **upon adults**." ***Commonwealth v. Decker***, 689 A.2d 99, 101 (Pa. Super. 1997) (emphasis added) (citation omitted); ***Commonwealth v. Collin***, 335 A.2d 383, 386 (Pa. Super. 1975) (same). Section 6301, by its plain language, seeks to prevent prohibited actions between minors and individuals 18 years or older, otherwise defined as an adult. ***See id.*** at 386 ("**any depraved adult** who participates in the corruption of children must do so at his own risk") (emphasis added) (citation omitted); ***see also Commonwealth v. Meszaros***, 168 A.2d 781, 782 (Pa. Super. 1961)[17] (stating COM's predecessor statute, 18 Pa.C.S. § 4532, "forbids any act **by an adult** which tends to or actually does corrupt the morals of a child") (emphasis added); ***Commonwealth v Blauvelt***, 140 A.2d 463, 467 (Pa. Super. 1958) ( "[t]he terms of the proscription are clear[—]**no adult** may with impunity engage in conduct with a minor which has the effect of corrupting the morals of the child") (emphasis added). Therefore, by

---

[17] In ***Meszaros***, ***supra***, our Court noted that the reputation of the minor, like consent, is irrelevant with regard to a COM charge, where the statute "has . . . removed children from the area of responsibility for their own fault." ***Id.***

definition, a "Child" under the Act is incapable of committing the crime of COM where the statute requires that the perpetrator be at least 18 years old.

Here, the Monroe County Juvenile Court Docket and "Juvenile Information" lists J.C.'s date of birth as April 2004. Thus, the record supports the fact that J.C. was 15 years old at the time he committed the alleged offense and, by definition, a "child" under the Act. Because J.C. was still a minor at the time of the alleged incident, the first prong of the **M.W.** test— commission of a delinquent act (an essential element of the crime)—could never have been met. **See Commonwealth v. Iafrate**, 594 A.2d 293 (Pa. 1991) (holding that, for purposes of the Act, birthday occurs on anniversary of date of birth).

In **In the Interest of R.A.**, 761 A.2d 1220 (Pa. Super. 2000), our Court noted the difference between juveniles charged with committing delinquent acts and adults charged with committing crimes, stating:

> It is true that juvenile courts concern themselves with acts which would be considered criminal if they were committed by adults. Our Legislature, however, has seen fit through the Juvenile Act to authorize separate non-criminal proceedings to adjudicate these matters, **precisely because the perpetrators are not adults**. As noted above, these proceedings are materially different from criminal proceedings in many respects. Moreover, if the Legislature sees fit to extend Section 4954 to juvenile proceedings, it is certainly free to do so. At present, however, we are constrained by the plain language of the statute itself to limit [s]ection 4954 to criminal matters.

**Id.** at 1225 (emphasis added). As it is clear that juvenile proceedings are reserved for individuals who are "not adults," **id.**, it logically follows that

- 13 -

crimes that can only be committed by adults do not fall within the class of offenses subject to a juvenile adjudication under the Act. Simply put, where a crime under the law of this Commonwealth requires the perpetrator be an adult, such offenses cannot be deemed delinquent acts within the jurisdiction of the juvenile court. *See* Pa.R.J.C.P. 120 (defining "adult" as "any person, **other than a juvenile**, eighteen years or older"), *but see id.* (defining "minor" as "any person, other than a juvenile, under the age of eighteen").[18]

In the instant case, the juvenile court undeniably had jurisdiction over J.C. where the affidavit of probable cause and adjudicatory petition alleged that, as a juvenile, he committed aggravated indecent assault without consent, indecent assault without consent of other, and open lewdness—all delinquent acts under the Act. However, once the Commonwealth agreed to *nolle prosse* all of those offenses in exchange for J.C.'s execution of an "admission colloquy form," admitting to COM, the juvenile court was no longer

_____

[18] At first blush, this issue may appear to involve the sufficiency of the evidence to prove COM—specifically, the following element: "whoever, being of the age of 18 years and upwards." 18 Pa.C.S. § 6301(a)(1)(i). However, because of the fact that a juvenile can never be "of the age of 18 years and upwards," it is a legal impossibility. Thus, this is a legality of disposition issue, not merely one of evidentiary sufficiency. *See In re D.S.*, 903 A.2d 582, 586 (where juvenile court lacked subject matter jurisdiction, all juvenile proceedings that took place so far were legally invalid); *see also Commonwealth v. Prinkey*, 277 A.3d 554, 563-64 (Pa. 2022) (legality of sentence claim is characterized as one where "the result would be that the trial court lacked the authority to impose the sentence at issue[; c]onversely, if the challenge is not to the existence of certain authority but to the exercise of that authority," then challenge goes to discretionary aspects of sentence, not legality).

vested with subject matter jurisdiction to adjudicate that offense under the Act. Thus, my learned colleague is incorrect in her statement that "none of the components of J.C.'s disposition exceeds the juvenile court's authority," Concurring Opinion, -----, at 10 n.5, where the essence of the juvenile court's authority stems from its ability to adjudicate a child delinquent when it finds that the "acts ascribed to the child were committed by him." **See** 42 Pa.C.S. § 6341(a). Where J.C. was incapable of committing the acts ascribed to him— namely, being of the age of 18 years and upwards—the court exceeded its jurisdictional authority. **See also id.** at § 6341(b) (court can only find child delinquent where "court finds on proof beyond reasonable doubt that the child **committed the acts** by reason of which he is alleged to be delinquent").

Moreover, this is not an instance where jurisdiction properly vests in the criminal court, which would be the case for those "heinous" crimes excluded from the list of delinquent acts in section 6302.[19] **Ramos**, **supra**; **In re D.S.**, **supra**; **Commonwealth v. Potts**, 673 A.3d 956, 958 (Pa. Super. 1996)("[W]hile the prosecution of juvenile offenders is generally within the exclusive jurisdiction of the juvenile court," juvenile court **does not** have

---

[19] Notably, even in those rare cases where jurisdiction vests with the criminal court, if the juvenile proves that he or she "is amenable to treatment, supervision, or rehabilitation," the case may be transferred to the juvenile court. **Commonwealth v. Leatherbury**, 568 A.3d 1313, 1315 (Pa. Super. 1990). Here, again, we are presented with the anomaly that neither the juvenile court nor the criminal court has jurisdiction to adjudicate or prosecute a juvenile of COM.

- 15 -

exclusive jurisdiction in certain cases, such as when juvenile charged with murder); **see** 42 Pa.C.S. § 6322. The instant case presents a unique and rare situation because a juvenile can never be adjudicated delinquent for a crime under the Crimes Code, notwithstanding one excluded by 6302, which, by its very definition, can only apply to adult perpetrators. **Cf. Commonwealth v. Cotto**, 753 A.2d 217, 219 (Pa. 2000) ("As amended in 1995, the Juvenile Act **vests original jurisdiction in the criminal courts for specified violent felonies**, e.g., rape, aggravated assault and robbery committed by minors aged fifteen or older who either used a deadly weapon in the commission of the offense or were previously adjudicated delinquent for such crimes.") (emphasis added); **see id.** at 220 (amendments provide mechanism for minor to prove to court that juvenile does not belong in criminal court).

This case involves more than the trial court's inability to "accept[ J.]C.'s admission to [COM]." **See** Concurring Opinion, --- , at 11. Specifically, it involves the inherent authority of the court to adjudicate J.C. delinquent of COM. As such, **McIntyre** is not dispositive. Unlike **McIntyre**, this is not a situation where a conviction was based on an unconstitutional statute. **See id.** at 6109 (finding unconstitutional statute void *ab initio*). Herein, the juvenile court implicitly lacked the jurisdiction to adjudicate *any* juvenile of COM because the offense simply cannot be classified as a delinquent act under the juvenile court's jurisdiction. **See In Interest of J.F.**, 714 A.2d 467, 470

(Pa. Super. 1998) ("Any right to treatment as a juvenile is derived from statutory law and is defined by the legislature.").

Thus, because it is a legal impossibility for a "child" to commit the crime of COM, we conclude that the court illegally adjudicated J.C. delinquent of COM and entered a disposition on that adjudication. ***See Commonwealth v. Lee***, 260 A.3d 208, 211 (Pa. Super. 2021) ("If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.") (citation omitted); ***see generally Commonwealth v. Prinkey***, 277 A.3d 554 (Pa. 2022) (recognizing four broad types of legality of sentence challenges, including those where court lacks jurisdiction).

Accordingly, we vacate and reverse. ***See Commonwealth v. Pinko***, 811 A.2d 576, (Pa. Super. 2002); ***Commonwealth v. Vasquez***, 744 A.2d 1280, 1284 (Pa. 2000) (issue of whether trial court possessed authority to impose particular sentence implicates legality of sentence).[20]

Dispositional order vacated. Adjudication of delinquency reversed. Appellant discharged. Jurisdiction relinquished.[21]

---

[20] We make no pronouncement as to whether J.C. can be subject to further action in the Juvenile Court or if this was the functional equivalent of a guilty plea.

[21] Having determined J.C.'s disposition is illegal, we need not reach his appellate issues regarding his suppression motion, post-dispositional motion, or the court's order requiring J.C. to undergo a sexual evaluation and submit a DNA sample.

Stabile, J., joins this Opinion.

Bowes, J., files a Concurring Opinion.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *11/17/2022*